**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PHILOS TECHNOLOGIES, INC., ) ) Plaintiff, ) ) vs. ) ) PHILOS & D, INC., DON-HEE PARK, and ) JAE-HEE PARK ) ) Defendants. ) ) ) | Case No. 1:08-cv-07240 Honorable William J. Hibbler |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR RENEWED MOTION TO VACATE THE DEFAULT JUDGMENT AND
TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

As the Seventh Circuit held, Defendants Philos & D, Inc., Don-Hee Park and Jae-Hee Park's motion to vacate is timely and procedurally proper because Defendants never appeared before default judgment was entered. *Philos Technologies, Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011). Accordingly, the Seventh Circuit reversed the denial of Defendants' motion to vacate and dismiss and remanded so that this Court could consider Defendants' motion to vacate and dismiss on the merits. *Id.* at 859.

On the merits, the default judgment should be vacated and the complaint dismissed because this Court lacks personal jurisdiction. Plaintiff Philos Technologies, Inc.'s ("Philos Illinois'") motion for default was premised on (i) Philos Illinois' contention that Defendants had appeared and submitted themselves to jurisdiction because Don-Hee Park and Jae-Hee Park sent a *pro se* "Response Letter," and (ii) Philos Illinois' false Complaint allegations that Philos Illinois had contracted with Defendants for surface treatment equipment. The Seventh Circuit rejected the former, holding that the "Response Letter" "did not constitute an appearance or

submit the defendants to the district court's jurisdiction." *Philos Technologies*, 645 F.3d at 858. And as set forth below, the evidence confirms that Philos Illinois' Complaint allegations and motion for default for default judgment were erroneous.

Specifically, there is no personal jurisdiction over Defendants arising out of Philos Illinois' claim is for alleged conversion of the surface treatment equipment. Defendants are South Korean citizens who negotiated and entered into agreements in South Korea, written in the Korean language, under South Korean law, with a South Korean company, PLS Tech Korea, Ltd. ("Philos Korea," a non-party in this action), forming a joint venture in South Korea involving the use of the surface treatment equipment to manufacture knives and shears in South Korea for sale in South Korea. These governing agreements contain a forum selection clause providing that disputes under the agreements be resolved in South Korea. Additionally, Defendants' alleged conversion of the surface treatment equipment occurred in South Korea where the surface treatment equipment was delivered to Defendants and where it remains today.

Given the forum selection clause specifying South Korea as the venue for resolving disputes and the entirely Korean focus of Defendants' involvement with the surface treatment equipment, Defendants had no reason whatsoever to suspect that they would be sued in Illinois, and there is absolutely no basis for this Court to exercise personal jurisdiction over Defendants. Accordingly, this Court's July 6, 2009 default judgment and July 21, 2009 order awarding damages should be vacated pursuant to Federal Rule of Civil Procedure 60(b)(4) and the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

## FACTUAL BACKGROUND

**A.    Defendants contracted with Philos Korea for surface treatment equipment.**

In October 2007, Philos Ko, who spends much of his time in South Korea, contacted Don-Hee Park and Jae-Hee Park in South Korea, proposing a joint venture in South Korea to

manufacture knives and shears using treated a particular surface treatment technology. (Ex. A, Don-Hee Park Dec. ¶2.) In December 2007, Philos Ko negotiated in South Korea with Don-Hee and Jae-Hee the formation of a new South Korean company, Philos & D, to carry out this joint venture in South Korea. (*Id.* ¶4; Ex. B, Jae-Hee Park Decl. ¶2.)

On December 20, 2007, two agreements were finalized in South Korea between Philos & D and Philos Korea, a South Korean company controlled by Philos Ko's wife, Angela Haewan Ko. (Don-Hee Park Decl. ¶¶4-5; Jae Hee Park Decl. ¶¶3-4.) The first established a joint venture between Philos & D and Philos Korea. (*See* "Joint Venture Agreement," Don-Hee Park Decl. Ex. 1.) The second specified that Philos Korea would provide Philos &D with surface treatment equipment. (*See* "Equipment Agreement" ¶8, Don-Hee Park Decl. Ex. 2.) The Equipment Agreement provided that the joint venture would focus on South Korea and would not make sales "to countries other than Korea." (Don-Hee Park Decl. ¶8 & Ex. 2 ¶2.) It also contained a forum selection clause. (Don-Hee Park Decl. Ex. 2 ¶11.)

**B.    Philos Illinois was not a party to the Agreements for the equipment.**

Philos Illinois was not a party to either the Joint Venture Agreement or the Equipment Agreement. Moreover, Philos & D did not order equipment from Philos Illinois. (Don-Hee Park Decl. ¶¶6, 9; Jae-Hee Park Decl. ¶5.) Under the Equipment Agreement, Philos Korea was responsible for supplying the surface treatment equipment. (Don Hee Park Decl. ¶9 & Ex. 2 ¶8.)

Philos Illinois has claimed that the Joint Venture Agreement and the Equipment Agreement were modified by an ***oral understanding*** reached at the time those Agreements were executed. (Docket No. 39 at 8.) Specifically, Philos Illinois suggests Defendants agreed that Philos Illinois rather than Philos Korea would supply the surface treatment equipment for the joint venture. (*Id.*) Philos Illinois contends that it was this alleged oral understanding, which was never reduced to writing, that gave rise to the lawsuit. (*Id.*) But because the Equipment

3

Agreement contains an integration clause and provides that it can be modified only in writing (Don-Hee Park Decl. Ex. 2 ¶¶9, 13), any such oral understanding would have been ineffective.

### C. Don-Hee Park subsequently makes a personal visit to Illinois.

In May 2008, several months after the Joint Venture Agreement and Equipment agreement were finalized in South Korea, Don-Hee Park visited the United States in his personal capacity to attend an academic conference. (Don Hee Park Decl. ¶11.) During that visit, he stopped in Chicago to check on the daughter of a family friend and to appear on a local Korean radio program as a courtesy to Philos Ko, the husband of Angela Ko, who controlled Philos Korea. (*Id.*) While in Chicago, Don-Hee Park accepted an invitation from Philos Ko to tour Philos Illinois' facility in Wheeling, Illinois. (*Id.* ¶12.) During the tour Don-Hee Park did not negotiate the purchase of any equipment or discuss any investments in Philos & D. (*Id.*)

### D. Defendants receive the equipment in South Korea, immediately experience problems, and unsuccessfully attempt to return it.

After clearing customs in South Korea on May 30, 2008, surface treatment equipment was delivered to Philos & D in South Korea. (Don-Hee Park Decl. ¶15.) On June 2-3, 2008, Philos Korea employees installed the equipment at Philos & D's facilities in South Korea. (*Id.* ¶16.) Tests of equipment conducted on June 4, 2008, however, revealed safety and environmental problems. (*Id.* ¶17.) Philos & D has been unsuccessful in its attempts to return the equipment, which remains in storage at a facility in South Korea leased by Philos & D. (*Id.*)

## PROCEDURAL HISTORY

### A. Philos Illinois sues in Illinois and moves for default judgment.

Despite the exclusively Korean character of the business dealings at issue, Philos Illinois filed suit in the Northern District of Illinois on December 18, 2008, alleging conversion of the surface treatment equipment. (Compl. ¶1.) In its Complaint, Philos Illinois falsely suggested

that it was a party to the December 20, 2007 Agreements with Philos & D for the provision of the equipment. (*Id.* ¶19; *see also id.* ¶¶14-21.) Philos Illinois also claimed that it had agreed to contribute a license to use its surface treatment technology in exchange for 40% ownership of Philos & D. (*Id.* ¶¶16-18.) Philos Illinois claimed that Defendants failed to uphold their end of the contracts and converted the equipment in violation of Illinois law. (*Id.* ¶¶40-44.)

Notably, Philos Illinois failed to attach to its Complaint a copy of any purported contracts with Defendants, which were actually with non-party Philos Korea. Moreover, notwithstanding their alleged contract with Defendants for the equipment, Philos Illinois failed to sue for breach of contract, instead asserting merely a claim for alleged conversion.

Because they had negotiated and executed the Agreements in South Korea with Philos Korea, Defendants did not understand why they had been sued in the United States. Having little familiarity with the English language, lacking any experience with the United States legal system, and acting *pro se*, Don-Hee Park and Jae-Hee Park sent a "Response Letter" to this Court on February 13, 2009, attempting to explain that they had not been involved with Philos Illinois and had nothing to do with the United States. (Docket No. 11.) Defendants never filed an appearance, an answer to the Complaint, or any responsive pleading.

On June 25, 2009, Philos Illinois filed a motion for default judgment, arguing that Don-Hee Park and Jae-Hee Park's "Response Letter" constituted an appearance and a concession to the Court's jurisdiction. (Docket No. 22 at 2.) With its motion for default judgment, Philos Illinois submitted a proposed order, purporting to find jurisdiction and entering default against Defendants. (Docket No. 22 at Ex. 3.) The proposed order prepared by Philos Illinois stated that "through the Defendants' 'Response Letter' submission to the Court, each Defendant has appeared and has submitted to the jurisdiction of this Court for the purposes of this case." (*Id.* at

Ex. 3 ¶3.) On July 6, 2009, this Court adopted Philos Illinois' proposed order without modification or explanation -- including the finding that Defendants' "Response Letter" constituted an appearance and submission to jurisdiction -- and entered a default judgment against Defendants. (Docket No. 25.) On July 21, 2009, this Court awarded Philos Illinois compensatory and punitive damages totaling approximately $2.9 million. (Docket No. 27.)

> **B.     After Philos Illinois attempts to collect on the default judgment in South Korea, Defendants move to vacate the default judgment and dismiss.**

On June 14, 2010, after Philos Illinois sought to enforce this Court's default judgment in South Korea, Defendants filed a motion to vacate the default judgment and dismiss. (Docket No. 33.) At a hearing on July 22, 2010, this Court orally denied Defendants' motion, suggesting that Defendants' motion was untimely. (Ex. C at 27:25-28:4.) Specifically, this Court explained that it saw "no legal justification for this matter coming before the Court well after judgment has been entered and all parties have had an opportunity to fully litigate the issues." (*Id.*)[1]

> **C.     On Appeal, the Seventh Circuit reverses the denial of the motion to vacate.**

On appeal, the Seventh Circuit held that Defendants' motion to vacate the default judgment and to dismiss the complaint was in fact timely. *Philos Technologies*, 645 F.3d at 859. In particular, the Seventh Circuit emphasized that when a court lacks jurisdiction a defendant can "'ignore the judicial proceedings, risk a default judgment, and then challenge the judgment on jurisdictional grounds in a collateral proceeding [under Rule 60(b)(4)],' either in the court that issued the judgment or in a court where the plaintiff seeks to enforce that judgment." *Id.* at 856

---

[1] In fact, as the Seventh Circuit later found on appeal, Defendants did ***not*** have an opportunity to litigate the jurisdiction issue prior to the entry of default judgment because Defendants had not appeared to contest jurisdiction. Moreover, this Court was led astray by Philos Illinois' Complaint allegations and motion for default judgment, which falsely suggested in writing that Philos Illinois had been a party to the December 20 Agreements relating to the equipment.

6

(*citing Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982)). That was exactly what Defendants did here, the Seventh Circuit concluded.

Furthermore, the Seventh Circuit **rejected** the suggestion that Don-Hee and Jae-Hee Park's *pro se* "Response Letter" constituted an appearance or submission to jurisdiction. "Philos & D, a corporation, could not have appeared *pro se*, whether by means of a letter to the court or otherwise." *Philos Technologies*, 645 F.3d at 858. And the "Response Letter" also "did not constitute an appearance or submit [Don-Hee and Jae-Hee Park] to the district court's jurisdiction." *Id.* Rather, the Seventh Circuit found that the "Response Letter" "was nothing more than an informal but respectful attempt to explain why Jae-Hee Park and Don-Hee Park would *not* appear in any judicial proceedings conducted in Illinois." *Id.* (emphasis in original). As a result, the Seventh Circuit held that Defendants never appeared before the default judgment and, therefore, that ***Defendants' motion to vacate and dismiss was timely***. *Id.* at 859.

Because "the district court was under the erroneous impression that the defendants' Rule 60(b)(4) motion was untimely," the Seventh Circuit noted that the district court "***never*** considered the arguments or evidence presented in support of that motion[.]" *Philos Technologies*, 645 F.3d at 859 (emphasis added). Accordingly, the Seventh Circuit remanded for full consideration on the merits, noting that factual issues "***must*** be resolved by the district court." *Id.* (emphasis added) (*citing Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) ("Often personal jurisdiction is closely linked to the nature, and merit, of the claim being asserted, but this does not mean that the judge will just take the plaintiff's word about what happened.").) The Seventh Circuit "express[ed] no view on those factual issues" but emphasized that Defendants "are entitled to one full opportunity to litigate them." *Philos Technologies*, 645 F.3d at 859.

7

**ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 60(b)(4), a defendant is entitled to relief from a default judgment if the court lacked personal jurisdiction over the defendant. *See Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 448 (7th Cir. 2000); *see also Lefevre v. Concord Servicing Corp.*, No. 99-C-1485, 2000 WL 45457, at *4 (N.D. Ill. Jan. 11, 2000) (vacating default judgment because defendant lacked minimum contacts with Illinois). As the Seventh Circuit explained in the appeal here, "it is a *per se* abuse of discretion to deny a Rule 60(b)(4) motion when the trial court has no jurisdiction over the action." *Philos Technologies*, 645 F.3d at 855.

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. A defendant seeking to dismiss a complaint for lack of jurisdiction is ***not*** limited to the complaint's allegations and may submit additional evidence, including declarations. *See TEKsystems, Inc. v. Modis, Inc.*, No. 08-C-5476, 2008 WL 5155667, at *2 (N.D. Ill. Dec. 5, 2008) ("In ruling on a Rule 12(b)(2) motion to dismiss, matters outside the pleadings, such as declarations, may be considered.").

**I.     The default judgment should be vacated and the complaint dismissed because this Court lacks personal jurisdiction over Defendants.**

Any exercise of jurisdiction must comply with the Fourteenth Amendment's Due Process Clause. This requires that the defendant have sufficient minimum contacts with Illinois, such that the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1276 (7th Cir. 1997); *see also Ice Consultants US, Inc. v. Microvoice Applications, Inc.*, No. 04-C-0069, 2004 WL 1114748, at *2 (N.D. Ill. May 17, 2004).

Because Philos Illinois has conceded that there is no general jurisdiction over Defendants (Docket No. 39 at 6), the only potential basis for personal jurisdiction is specific jurisdiction arising out of Philos Illinois' claim for alleged conversion of the surface treatment equipment. Specific jurisdiction may exist when a party's lawsuit arises out of, or is related to, the defendant's contacts with the forum state. *RAR*, 107 F.3d at 1277. In order for there to be specific jurisdiction, the defendant must have purposefully availed itself of the state's legal protections, making it reasonably foreseeable that the defendant would be haled into court in the state. *Id.*

Similarly, under the provisions of the Illinois long-arm statute, personal jurisdiction exists where a party transacted business in the state (735 ILCS 5/2-209(a)(1)); committed a tortious act within the state (735 ILCS 5/2-209(a)(2)); or was a part to a contract or promise substantially connected with the state (735 ILCS 5/2-209(a)(7)). When examining business transactions and contracts, Illinois courts look at: (1) who initiated the transaction; (2) where the contract was entered into; and (3) where the performance of the contract was to take place. *Gordon v. Tow*, 498 N.E.2d 718, 722 (Ill. App. Ct. 1986).[2]

Because this dispute does not arise from anything Defendants have done to avail themselves of the legal protections of the State of Illinois, none of the requirements for personal jurisdiction are met. Indeed, Defendants obtained the surface treatment equipment pursuant to two Agreements written in Korean, under South Korean law, negotiated and entered into in South Korea, with Philos Korea (a South Korean company), for a joint venture in South Korea, to manufacture knives and shears in South Korea, for sale in South Korea, and mandating that

---

[2] In a diversity case where there is no choice of law issue, a federal court applies "state substantive law and federal procedural law." *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010).

providing all disputes under the Agreements be resolved in the South Korean courts. Moreover, Defendants' allegedly converted the equipment in South Korea, where the equipment was delivered and where it remains today. In other words, although there is ample basis for the courts in South Korea to exercise specific jurisdiction, there is no basis for this Court to do so.

### A. This Court lacks personal jurisdiction over Philos & D.

Philos & D is a South Korea-based corporation with no employees, offices, or property in Illinois. (Don-Hee Park Decl. ¶18.) It neither conducts nor solicits business in Illinois, and has no customers in Illinois. (*Id.*) Philos & D contracted with a South Korean company, Philos Korea. (*Id.* ¶¶3-6; Jae-Hee Park Decl. ¶¶3-5.) The Joint Venture Agreement and Equipment Agreement between Philos & D and Philos Korea, executed on December 20, 2007, were negotiated and signed in South Korea for the purpose of manufacturing and distributing products in South Korea. (Don-Hee Park Decl. ¶¶5, 8; Jae-Hee Park Decl. ¶4.) And the Equipment Agreement stated that Philos Korea would procure the necessary equipment. (Don-Hee Park Decl. ¶¶1, 3-8 and Ex. 2 ¶9.)

The same Equipment Agreement also contained an explicit forum selection clause, which stated that the Agreement was "consummated in Bucheon-si of Gyeonggi-do [South Korea]" and that it should "be interpreted by the court having the jurisdiction over Bucheon-si of Gyeonggi-do." (Don-Hee Park Decl. Ex. 2 ¶11.) Given this forum selection clause, there is no basis for Philos Illinois to sue Defendants in Illinois where there is no personal jurisdiction. *Cf. Slinger Mfg. Co. v. Nemak*, No. 08-656, 2008 WL 425889, at *8 (E.D. Wis. Sept. 24, 2008) ([The parties] negotiated a clause at arms-length which requires the resolution of contractual disputes in an arbitration forum in Singapore. In this respect, it cannot be said that [Defendant] would reasonably anticipate being haled into a Wisconsin court on a claim for breach of contract."); *see*

*also AAR Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 525 (7th Cir. 2001) ("a forum selection clause is presumptively valid and enforceable").

Philos Illinois failed to attach to its Complaint copies of the Joint Venture Agreement and Equipment Agreement, which would have revealed that Philos Illinois was not a party to those Agreements. Philos Illinois also failed to provide a copy of any supposed new contract, or to present any evidence that the Joint Venture Agreement and Equipment Agreement were ever rescinded or superseded. Certainly, Philos Illinois had an obvious motive to avoid showing this Court the Joint Venture Agreement and Equipment Agreement, which would have revealed that Defendants actually contracted with Philos Illinois and that those Agreements contain a forum-selection providing that disputes be resolved in South Korea. (Don-Hee Park Decl. Ex. 2 ¶11.)

Contrary to its Complaint allegations and original application for default judgment, Philos Illinois now admits that it was never a party to the Joint Venture Agreement and Equipment Agreement between Philos & D and Philos Korea. (Ex. C at 17:11-12.) Instead, Philos Illinois now claims that, on the same day that those Agreements were executed, the parties reached an oral understanding that those Agreements would later be rescinded in favor of a new contract between Philos & D and Philos Illinois. (Docket No. 39 at 8.) Philos Illinois further claims that, in accordance with this supposed oral understanding, Defendants cancelled the Joint Venture Agreement and Equipment Agreement sometime before February 2008. (*Id.* at 9.)

Philos Illinois' latest story is not credible. ***First***, it makes no sense that Philos & D Korea would take the trouble to execute two agreements with Philos Korea the same day it reached an oral understanding to rescind those written agreements in favor of another contract down the road with Philos Illinois. Indeed, Philos Illinois has never offered any explanation or justification why the parties would have chosen such an absurd and unnecessary sequence of

11

contracts.  ***Second***, both Don-Hee Park and Jae-Hee Park deny that they reached any oral understanding to rescind the December 20, 2007 Agreements in favor of a later contract between Philos & D Korea and Philos Illinois.  (Don-Hee Park Decl. ¶19; Jae-Hee Park Decl. ¶9.)  ***Third***, the December 20, 2007 Equipment Agreement expressly states that it supersedes all prior oral and written agreements between the parties including "the overall understanding of both parties in any forms or manners," which would extend to and negate the oral understanding that Philos Illinois claims was reached the same day.  (Don-Hee Park Decl. Ex. 2 at ¶13.)  ***Fourth***, the Equipment Agreement further provides that it can only be modified in writing, rendering the supposed oral understanding ineffective.  (Don-Hee Park Decl. Ex. 2 at ¶9.)  ***Fifth***, Philos Korea actually installed the surface treatment equipment at Philos & D Korea's facility in June 2008, which confirms that the December 20, 2007 Agreements were not cancelled and remained in effect through that date, contrary to Philos Illinois' claims.  (Don-Hee Park Decl. ¶¶ 16-17.)  ***Sixth***, despite the alleged oral agreement supposedly reached between Philos Illinois and Defendants, Philos Illinois has never sued for breach of contract, instead suing only for conversion, an odd omission Judge Hamilton noted at oral argument in the appeal in this case.[3]

In short, the only contracts in evidence were negotiated and entered into in South Korea, written in the Korean language, under South Korean law, with a South Korean company, Philos Korea, forming a joint venture in South Korea involving the use of the surface treatment equipment to manufacture knives and shears in South Korea for sale in South Korea, and providing that disputes be resolved in South Korea.  (Don-Hee Park Decl. ¶¶2-8; Jae-Hee Park Decl. ¶¶2-5.)  Any dispute with respect to the surface treatment equipment would "arise out of" or be "related to" those Agreements.  Further, the Agreements contain a forum selection clause

---

[3] *See Philos Technologies, Inc. v. Philos & D, Inc.*, No. 10-2854, April 7, 2011 oral argument, http://www.ca7.uscourts.gov/fdocs/docs.fwx?submit=showbr&shofile=10-2854_001.mp3.

providing that disputes be adjudicated in South Korea. (Don-Hee Park Decl. Ex. 2 ¶11.) As such, Philos & D Korea has not purposefully availed itself of the legal protections of the state of Illinois, and it would undermine public policy and due process to force it to litigate here.

Philos Illinois also has argued jurisdiction exists because Philos Illinois allegedly manufactured the surface treatment equipment. This indirect connection is far too attenuated to show an intent to affect Illinois interests. In *Ferris Manufacturing Corp. v. S.P.R.D.,* No. 07-C-466, 2007 WL 1438375 (N.D. Ill. May 15, 2007), Judge Kendall found no personal jurisdiction under the Illinois long-arm statute on facts similar to those in the present action. In *Ferris*, a Virginia-based defendant ordered materials from an Illinois company through an intermediary based out of New Jersey. *Id.* at *1. Although the Illinois company delivered materials directly to the Virginia defendant, the district court emphasized that the Virginia defendant never ***contracted*** with the Illinois company and that the only instances of contact between the parties were shipments of materials. *Id.* at *4. Moreover, Judge Kendall noted that all purchases were made through the New Jersey intermediary and delivery was accepted in Virginia. Accordingly, Judge Kendall found that there was no basis for jurisdiction under 735 ILCS 5/2-209(a)(2).

Likewise in this case, Philos & D never contracted with Philos Illinois, but instead contracted with a South Korean entity, Philos Korea. (Don-Hee Park Decl. ¶¶3-6.) Philos & D's agreements with Philos Korea were negotiated and entered in South Korea, written in Korean, under South Korean law, called for performance in South Korea, and provided that disputes would be resolved in South Korea. As such, Philos & D had no reason to foresee that it would be haled into court in Illinois, and there is no basis for specific jurisdiction over Philos & D.

**B.     This Court lacks personal jurisdiction over Don-Hee Park and Jae-Hee Park.**

Don-Hee Park and Jae-Hee Park have almost no connection with the State of Illinois. It is undisputed that neither has conducted business or entered into any contract with Philos Illinois

13

or any other Illinois entity on their own account. In fact, Jae-Hee Park has never set foot in Illinois. (Jae Hee Park Decl. ¶7.) As such, Jae-Hee Park could not foresee that he would be sued in Illinois, and there is no basis for this Court to assert specific jurisdiction over him personally.

As for Don-Hee Park, he made only a single trip to Illinois in his personal capacity in May 2008. (Don-Hee Park Decl. ¶¶11-12.) Philos Illinois does not dispute that Don-Hee Park's visit occurred *after* the execution of the December 20, 2007 Agreements between Philos & D and Philos Korea which gave rise to this dispute, nor does it dispute that his visit to the United States was for the purpose of attending an academic conference and to check in on the daughter of a family friend. (*Id.* ¶11.) Although he accepted an invitation to tour a Philos Illinois facility during his time in Illinois, Don-Hee Park did not negotiate the price of any equipment or agree to purchase it during that visit. (*Id.* ¶12.) Given this lone visit to Illinois for personal reasons, Don-Hee Park had no reason to foresee that he would be sued here either.

Even if Don-Hee Park did travel to Illinois to conduct business on behalf of Philos & D as Philos Illinois contends, such activity would provide no basis for jurisdiction over him personally. *See Rich v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994) (*citing Rollins v. Ellwood,* 141 Ill. 2d 244 (1990)). Moreover, there is no suggestion that Don-Hee Park committed any tortious act directed against Philos Illinois during his visit to Illinois. As such, this solitary visit is not sufficient to support personal jurisdiction. *See Bolger v. Nautica Int'l, Inc.*, 861 N.E.2d 666, 671 (Ill. App. Ct. 2007) ("For specific jurisdiction, the suit must arise directly out of the contacts between defendant and forum.").

Philos Illinois claims that Don-Hee Park and Jae-Hee Park had other contacts with Philos Illinois in Illinois in their capacity as officers of Philos & D. (Docket No. 39 at 9-11.) For example, Philos Illinois contends that Jae-Hee Park researched whether Philos Illinois might

14

invest in South Korea.  (*Id.* at 9.)  But Philos Illinois' consideration of a possible investment in South Korea is unrelated to the Agreements between Philos & D and Philos Korea concerning the surface treatment equipment, which gave rise to this lawsuit.  At best, assuming Philos Illinois invested in South Korea, any research Jae-Hee Park conducted on South Korean laws governing foreign investment in South Korea might support jurisdiction over the parties in ***South Korea***, but that cannot support jurisdiction in ***Illinois***.

With respect to Illinois' long-arm statute, Don-Hee Park and Jae-Hee Park's lack of any personal business connections to or contractual relationships within Illinois make it inappropriate for this Court to exercise jurisdiction under 735 ILCS 5/2-209(a)(1) or (7).  Moreover, Don-Hee Park and Jae-Hee Park have done nothing that would bring them under the scope of 735 ILCS 5/2-209(a)(2), since they personally have not committed any tortious acts with the knowledge that harm would be caused in Illinois.  Indeed, Philos Illinois alleges only that ***Philos & D*** committed acts of conversion.  (Compl. ¶¶39-42.)  Philos Illinois does not claim Don-Hee Park or Jae-Hee Park personally converted any of property or that they owe Philos Illinois any money.  As such, there is no basis for personal jurisdiction over them under the Illinois long-arm statute.

## CONCLUSION

For the reasons set forth above, pursuant to Federal Rule of Civil Procedure 60(b)(4), Defendants respectfully request that this Court vacate its June 30, 2009 Order granting Philos Illinois a default judgment against Defendants anwd its July 21, 2009 Order granting Philos Illinois compensatory and punitive damages.  Furthermore, pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants respectfully request that this Court dismiss the Complaint.

Respectfully submitted,


   /s/ John Moss
Andrew M. Johnstone (ajohnstone@winston.com)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois, 60601
(312) 558-5600

John W. Moss (jmoss@winston.com)
Winston & Strawn LLP
1700 K Street N.W.
Washington, DC 20006-3817
(202) 282-5000

## **CERTIFICATE OF SERVICE**

       The undersigned attorney states that he caused a true and correct copy of foregoing to be filed with the Clerk of the Court, and further caused the same document to be served on counsel for Plaintiff by hand-delivery on this 31st day of October, 2011.

    Thomas A. Vickers
    Jeffrey R. Moran
    VANEK, VICKERS & MASINI, P.C.
    111 South Wacker Drive, Suite 4050
    Chicago, Illinois 60601

    David Lesht
    Panasarn Aim Jirut
    THE LAW OFFICES OF EUGENE M. CUMMINGS, P.C.
    One North Wacker Drive, Suite 4130
    Chicago, Illinois 60606

                                          /s/ John Moss