IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILOS TECHNOLOGIES, INC.,  )
                            )
         Plaintiff,         )
                            )   No. 08 C 7240
                            )
    v.                      )
                            )
PHILOS & D, Inc., et al.,   )
                            )
         Defendants.        )

## MEMORANDUM OPINION AND ORDER

This litigation involves many parties named "Philos" or some variation thereof on both sides of the "v." sign. It has already been up to the Court of Appeals once, so what follows is an account of the facts and procedural history necessary to decide whether this Court may exercise personal jurisdiction over defendants. Additional procedural history is recounted in Philos Tech., Inc. v. Philos & D, Inc., 645 F.3d 851 (7th Cir. 2011) ("Philos I").

### Facts and Procedural History

Philos Ko ("Ko") controls Illinois corporation Philos Technologies, Inc. ("Philos Tech"), the plaintiff in this case (T. Mem. 2-3).[1] Philos Tech is affiliated with South Korean

---

[1] Citations to plaintiff Philos Tech's memorandum take the form "T. Mem. --," while citations to defendants' memoranda take the form "D. Mem. --" and "D. R. Mem. --." Except where otherwise noted in this opinion, the parties agree on the relevant facts.

company PLS Tech Korea ("PLS")(T. Mem. 6).[2]

In the fall of 2007 Ko approached two South Korean businessmen, Don-Hee Park ("Don-Hee") and Jae-Hee Park ("Jae-Hee") with a proposal to start a business selling kitchen knives and shears in South Korea (D. Mem. 2). Ko, Don-Hee and Jae-Hee created a byzantine corporate structure for that purpose. Don-Hee and Jae-Hee first created Philos & D, Inc. ("Philos & D"), a South Korean corporation (D. Mem. 3)--all three are now codefendants in this case. Philos & D then entered into two agreements with PLS: a joint venture agreement and a license agreement (D. Mem. 3).

What happened next is disputed. Philos Tech says that Jae-Hee suggested that it contribute additional capital to Philos & D, so that the latter could take advantage of favorable South Korean tax treatment given to companies with foreign investors (T. Mem. 7). Don-Hee then traveled to the Philos Tech facility in Wheeling, Illinois and negotiated the nature of that capital contribution: a machine for treating the surface of knives and shears (id. 7-8). In exchange for that machine Philos Tech was to receive an increased equity stake in Philos & D. Philos Tech manufactured the machine in Wheeling and shipped it to Philos & D in South Korea (id.), but Philos & D never issued additional

---

[2] No party has explained just how Philos Tech is affiliated with PLS, but that fact is irrelevant here.

2

equity shares to Philos Tech (id. at 8).

Not so, say Philos & D, Don-Hee and Jae-Hee. As they tell it, Philos Tech's investment in Philos & D was implemented through a sham transaction. Instead PLS actually manufactured the machine and shipped it to Philos Tech (D. R.Mem. 9-10). Philos Tech put American labels on the machine (so that South Korean authorities would not catch on to the ruse), then shipped the machine to Philos & D, which recorded the machine as a foreign investment (id.). Don-Hee did make a trip to Wheeling, but he merely took a tour of the Philos Tech facilities (D. Mem. 4).

Both sides agree on what happened next: Philos Tech sued Philos & D, Don-Hee and Jae-Hee in Illinois. None of the defendants responded, and this Court's then colleague Honorable William Hibbler entered a default judgment against them. When Philos Tech attempted to enforce the judgment in Korea, an attorney filed an appearance for defendants in this District Court and moved to vacate the judgment under Fed. R. Civ. P. ("Rule") 60(b)(4) on the ground that personal jurisdiction over defendants was lacking here. Judge Hibbler denied that motion as untimely, but the Seventh Circuit reversed and remanded the case to this District Court for a decision on the merits. This opinion addresses the merits of the Rule 60(b)(4) motion.

**Personal Jurisdiction Analysis**

In a collateral attack on in personam jurisdiction, defendant bears the burden of proof (Philos I, 645 F.3d at 857). So Don-Hee, Jae-Hee and Philos & D must establish that it would be improper for this District Court to exercise jurisdiction over them. Personal jurisdiction must of course be sustainable under both state law and the United States Constitution. Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 111 (1987) requires a federal court to determine whether the state in which it sits authorizes the exercise of personal jurisdiction, so this Court looks to the Illinois long-arm statute.

Ordinarily it is a plaintiff's burden to establish by a preponderance of the evidence that the court has personal jurisdiction over the defendant (Philos I, 645 F.3d at 856). Not so here. Because defendants opted to ignore the initial proceedings and then attack the default judgment collaterally, they bear the burden of proving that this District Court lacks jurisdiction over them (id. at 857).

Whether defendants have met that burden is impossible to tell on a cold paper record. What the litigants have offered up here, to say the least, are totally conflicting scenarios.

Recall Philos Tech' story: Jae-Hee e-mailed Philos Tech to propose a transaction (an additional capital contribution), after which Don-Hee visited the Philos Tech plant in Illinois to

4

negotiate a price for the capital, and Philos Tech then manufactured a machine in Illinois and shipped it to Philos & D in South Korea. G.M. Signs, Inc. v. Kirn Signs, Inc., 231 Ill.App.3d 339, 343-44, 596 N.E.2d 212, 215 (2d Dist. 1992) holds that purchasers of Illinois products who deliberately communicate with Illinois manufacturers--as opposed to purchasers who merely order from catalogs without knowing the origin of their purchase--are subject to personal jurisdiction in Illinois courts. By deliberately ordering a machine to be manufactured and shipped from Illinois, each of Don-Hee, Jae-Hee and Philos & D would properly be subject to jurisdiction here.

But on the present record this Court cannot determine whether Philos Tech actually played that claimed role of manufacturer and seller of the machine. According to defendants Philos Tech was the seller to Philos & D of the product of the actual South Korean manufacturer--PLS. Defendants submitted an affidavit from a PLS employee named Sunghyun Nam ("Nam"), who claims to have assisted with the manufacture of the machine in Korea.[3] After assertedly manufacturing the machine in Korea, PLS

---

[3] For its part, Philos Tech says that the PLS employee originally gave like testimony in a Korean court proceeding and then later recanted it. Philos Tech originally advanced the same contention in a surreply that was never formally filed--Judge Hibbler denied leave to file the memorandum. But this Court will take account of it anyway, because the surreply merely provides further factual support for the statements in Philos Tech's responsive memorandum.

5

shipped it to Philos Tech to be relabeled so that Korean authorities would think it had been manufactured in this country (for the Korean tax benefit referred to earlier).  Jae-Hee proposed the transaction with the <u>Korean</u> company, while Don-Hee journeyed to Philos Tech' facility only to pay a friendly visit.

Under that scenario Philos & D acquired the machine from another Korean company, not from Illinois corporation Philos Tech.  None of the defendants comes within this forum's jurisdiction if that version of the facts is correct.

One brief digression.  It will be recalled that Don-Hee and Jae-Hee--by Philos Tech's own admission--acted at all times as Philos & D's agents.  Alert readers may question whether this District Court may exercise jurisdiction over such agents doing a principal's bidding.  There is a doctrine--the fiduciary shield doctrine--"that denies personal jurisdiction over an individual whose presence and activity in the state in which suit is brought were solely on behalf of his employer or other principal" (<u>Rice v. Nova Biomed. Corp.</u>, 38 F.3d 909, 912 (7th Cir. 1994)). Judge Ripple's dissent in <u>Steel Warehouse of Wis., Inc. v. Leach</u>, 154 F.3d 712, 716 n.2 (7th Cir. 1998) has later explained that many jurisdictions have repudiated the doctrine, and the United States Supreme Court has cast doubt on its continued viability. But the leading Illinois Supreme court decision, <u>Rollins v. Ellwood</u>, 141 Ill.2d 244, 270, 565 N.E.2d 1302, 1314 (1990),

6

expressly endorsed the fiduciary shield doctrine, and such recent cases as <u>Femal v. Square D Co.</u>, 388 Ill. App.3d 134, 139-40, 903 N.E.2d 32, 37-38 (1st Dist. 2009) have reconfirmed the doctrine's continued viability in Illinois.

But it is questionable whether Don-Hee and Jae-Hee can invoke the fiduciary shield doctrine to defeat personal jurisdiction. There are two reasons for that. First, Don-Hee and Jae-Hee don't mention that doctrine or any similar argument in their brief. Second, the doctrine contains an exception that may well apply to Don-Hee and Jae-Hee (<u>Femal</u>, <u>id</u>. at 140, 903 N.E.2d at 38 (citations omitted)):

> "[P]ersonal gain, discretionary actions, and ownership of most of a corporations stock," all bear on the issue of whether a defendant's "conduct in Illinois was a product of, and was motivated by, his employment situation and not his personal interests." The court in <u>Rollins</u> expressly held that a defendant's personal interest in his actions that lead to liability may make the fiduciary shield doctrine inapplicable.

Here Don-Hee and Jae-Hee own most of Philos & D's stock. What is more, purchasing Philos Tech's machine inured to their personal benefit. Philos & D (through Jae-Hee and Don-Hee) had offered to issue additional equity in Philos & D in exchange for Philos Tech's machine. For Don-He and Jae-Hee to be willing to give up to Philos Tech a portion of their stake in Philos & D shows that they had a strong personal interest in causing their

7

company to purchase the Philos Tech machine.

This is not to say that the fiduciary shield doctrine would absolutely not apply to Don-Hee and Jae-Hee. But the doctrine does not obviously apply here, and Don-Hee's and Jae-Hee's forfeiture of the issue deprived this Court of full briefing on the subject, foreclosing application of the doctrine.

So an evidentiary hearing is necessary to decide whether this District Court may exercise personal jurisdiction over the defendants. Each party must present evidence that shows which company--Philos Tech or PLS--negotiated the sale of the machine manufactured the machine, and shipped the machine to Philos & D. If it is possible and reasonable to do so, the parties might consider arranging for Nam to testify in person so that this Court may judge his credibility.[4] Within two weeks of the date of this order, each party should submit a list of possible dates for the hearing.

                                            _____
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: May 22, 2012

---

[4] This assumes that Nam is an English speaker. Attempting to judge a speaker's credibility through the filter of an interpreter is necessarily more difficult because of the obviously greater problems in evaluating the speaker's tone of voice, precise words used and other factors. Hence the parties need not procure his appearance if an interpreter would be required and they consider the marginal utility of speech over the translated written word would not justify the added expense.