**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PHILOS TECHNOLOGIES, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 7240 |
| | ) |
| **PHILOS & D, INC.**, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

As the parties are well aware, this Court inherited this action by reassignment following the March 19, 2012 death of its colleague Honorable William Hibbler. At that time there were two pending motions that had been brought by defendants -- one to vacate an earlier-entered default judgment and the other to dismiss for lack of jurisdiction.

As it always seeks to do in cases on its own calendar, this Court promptly reviewed the then-pending motion papers and issued a May 22, 2012 memorandum opinion and order that carefully walked its way through the pending issues, determined that "an evidentiary hearing is necessary to decide whether this District Court may exercise personal jurisdiction over the defendants" and ordered finally:

> Within two weeks of the date of this order, each party should submit a list of possible dates for the hearing.

Now this Court (1) has reviewed a printout of potentially reportable matters under the Criminal Justice Reform Act (the "Act," 28 U.S.C. §476(a)),[1] (2) has seen that the two motions in this case are on that list and (3) has been advised by its staff that the parties could not reach

---

[1] That statute is often referred to as the "Biden Bill" -- then Senator Biden was its lead sponsor.

accord on a date for the evidentiary hearing until September 19, 2012. To put it bluntly, that is totally unacceptable.

Under the Act Congress has decreed that each March 31 and September 30 every federal judge must report publicly on a number of matters that have been pending for certain periods -- and importantly, those include undisposed-of motions that have been "pending" for six months or more as of the reporting date.[2] And a motion is treated as having been filed and therefore as "pending" as of a date 30 days after the initial papers on the motion have actually been filed -- in the case of a September 30 report, that means the filing date must have been before March 1 of the same year.[3]

This Court has been at this job for more than three decades, during which it has prided itself on never having had a reportable event either under the Act or under its more demanding predecessor that involved reports to the Administrative Office of the United States Courts rather than publicly available reports. It does not propose to -- and it will not -- subject itself to a situation that involves a September 19, 2012 hearing date, followed by the intensive work required to generate a ruling by September 30 (indeed, even such an intolerable time squeeze would take no account of counsel's inevitable -- and understandable -- desire for post-hearing

---

[2] There are several respects in which the approach taken by the Act's formulation is flawed from the standpoint of the assigned judge -- most serious among them is the one exemplified here, in which no consideration whatever is given in the six-month calculation for delays caused by the litigants rather than by the judge. In that situation the passage of time scarcely betokens a judicial officer who is not a figurative shoemaker tending to his or her last.

[3] On the printout of prospective reportable items under the Act, the two motions pending in this case show a "filing" date (under the statutory formulation) of October 31 , 2011. So the initial filing on the motions had already been in the hopper (for almost a year and a half before the case was reassigned to this Court's calendar).

submissions).

If this Court is expected to retain the case for decision, the parties must make arrangements for the evidentiary hearing (perhaps including videotaped depositions if necessary) to be conducted not later than the first week in September. This Court awaits a prompt response from the litigants.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: August 15, 2012