IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILOS TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08 C 7240 |
| PHILOS & D, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This long-in-the-tooth lawsuit has had a convoluted history -- one that began several years before it came to this Court's calendar by random assignment after the untimely death of its friend and colleague Honorable William Hibbler. Its current posture comprises (1) a pending appeal before our Court of Appeals (the second time that it has been upstairs) and (2) a complex proceeding before this Court in implementation of a directive that was encapsulated by this portion of the Conclusion in its May 8, 2013 memorandum opinion and order:

> Accordingly Philos Tech is ordered to pay Rule 11 sanctions in the form of the defendants' attorney's fees and expenses, together with a "delay factor" to account for the cost of money, a concept approved by Brandt v. Schal Assocs., Inc., 960 F. 2d 640, 651-52 ((7th Cir. 1992) in affirming this Court's application of such a factor under the pre-1993 version of Rule 11. That application remains sound in principle under today's Rule 11.[1]

Any calculation of the appropriate amount for reimbursement of attorneys' fees and expenses reasonably attributable to the sanctionable conduct of a litigant is difficult because that

---

[1] [Footnote by this Court] See also Lovell, Court Awarded Attorneys' Fees (1999), a book that carries the subtitle "Examining Issues of Delay, Payment, and Risk" and in which Professor Lovell leans heavily on and pays flattering tribute to this Court's analysis as set forth in a bevy of opinions on the subject.

process inherently calls for an evaluation from the outside and in retrospect. And on that score the difficulty is enhanced when counsel for the party seeking such relief, on whose accuracy (both in the conceptualization and in the presentation of the relief sought) the court must perforce rely heavily, misapprehends any part of that process. Here one component with which counsel for Philos & D have had particular problems is in the determination of a proper delay factor -- an element essential to address the fact that a total recapture of the client's outlays to counsel is not fully accounted for by a simple recovery of the dollars paid to counsel: Opportunity costs must be considered, so that such a delay factor necessarily enters into the calculation.

Although Philos & D's counsel have again revised their calculation of the delay component in their reply submission summarized as Reply Ex. A089, that revision contains a fundamental fallacy -- it is also made applicable to the funds that Philos & D tendered in escrow to assure the payment of its lawyers' fees and expenses when earned. But that private arrangement worked out between the client and counsel, which was obviously agreed upon to assure payment of the lawyers' services as rendered, is wholly atypical of the conventional lawyer-client relationship.

This Court sees no warrant for providing Philos & D with an interest yield on money that it voluntarily immobilized for that purpose.[2] Until the lawyers earned some part of the escrowed funds by their rendition of services, those funds were and remained the client's money, not the lawyers' -- if Philos & D had wanted to make the money work for it, it would certainly have been

---

[2] Because that money continued to belong to Philos & D while held in escrow, any actual yield during that period inured to its benefit -- but the amount (or lack) of such a yield was the consequence of the special arrangement set up by the parties, and Philos & D is not entitled to mulct its opponents with a hypothetical enhancement of the escrowed fund at the prime rate (which this Court has found to be the appropriate measure for delay in recapture of the monies actually paid to Philos & D's lawyers).

entitled to do so, whether by investment in government securities or through other means that would assure the integrity of the principal amount invested, thus providing counsel with the assurance that the funds were secure.

Consequently the table provided in Reply Ex. A089 is skewed -- no delay factor whatever should be attributed to the periodic deposits that Philos Tech placed in escrow. Instead the only amounts to which a delay factor at the prime rate should be attributed are those actually paid to counsel from the escrowed funds, calculated from the respective dates of those payouts to the present.

Two added directives are appropriate in sending Philos & D's counsel back to the drawing board. For one thing, the time spent in counsel's hitherto erroneous calculation of the delay factor must not find its way into any future fees petition in this action. Second, for reasons that will become clear in future memoranda, interest should be calculated only on those fees stemming from litigation in this Court, and not on fees incurred on appeal or in South Korean litigation (those fees are summarized in Reply Ex. A088).

To facilitate this Court's ability to complete the overall calculation of an appropriate sanctions award, Philos & D counsel are ordered to provide the revised version of the delay-factor calculation on or before March 25, 2014. Philos Tech's counsel may wish to provide input as to the accuracy of that revised calculation (but not as to the underlying concept), and if so they are allowed until April 2 for that purpose.

_____
Milton I. Shadur
Date: March 17, 2014        Senior United States District Judge