# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| **PHILOS TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **Case No. 08 C 7240** |
| | ) | |
| **PHILOS & D, INC.**, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## NOTICE OF APPEAL

Notice is now given that Philos Technologies, Inc., Plaintiff, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the final judgments entered on April 8, 2014 and April 30, 2014.

Respectfully Submitted,

**Philos Technologies, Inc.**

Date: May 6, 2014                                   /s/ Adam Goodman

Adam Goodman (6229333)
**GOODMAN TOVROV**
    **HARDY & JOHNSON LLC**
105 West Madison Street, Suite 1500
Chicago, Illinois 60602
(312) 238-9592
Fax: (312) 264-2535
adam@thegoodmanlawoffices.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 6, 2014, he caused the foregoing to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

/s/ Adam Goodman

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 08 CV 7240

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Philos Technologies, Inc., Appellant | | Philos & D Inc., Appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Adam B. Goodman | Name | John W. Moss |
| Firm | Goodman Tovrov Hardy & Johnson LLC | Firm | Winston & Strawn LLP (DC) |
| Address | 105 West Madison Street, Suite 1500 Chicago, IL 60602 | Address | 1700 K Street, NW Washington, DC 20006 |
| Phone | (312) 238-9592 | Phone | (202) 282-5687 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Milton I. Shadur | Date Filed in District Court | 12/18/08 |
| Court Reporter | R. Scarpelli, Ext. 5815 | Date of Judgment | 5/9/13, 4/8/14, 5/1/14 |
| Nature of Suit Code | 380 | Date of Notice of Appeal | 5/6/14 |

COUNSEL:        Appointed [ ]        Retained [X]        Pro Se [ ]

FEE STATUS:        Paid [X]        Due [ ]        IFP [ ]

        IFP Pending [ ]        U.S. [ ]        Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?        Yes [ ]        No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

        Granted [ ]        Denied [ ]        Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A). Rev 04/01**

Philos Technologies, Inc.

                        Plaintiff,

v.                                         Case No.: 1:08−cv−07240
                                         Honorable Milton I. Shadur

Philos & D Inc., et al.

                        Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, May 8, 2013:

      MINUTE entry before Honorable Milton I. Shadur: Enter Memorandum Opinion and Order. Philos & D's motion for sanctions [127] is granted in part and denied in part. A status hearing is set for May 14, 2013 at 8:45 a.m. Mailed notice by judge's staff. (srb,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHILOS TECHNOLOGIES, INC.,    )
                              )
          Plaintiff,          )
                              )    No. 08 C 7240
                              )
     v.                       )
                              )
PHILOS & D, INC., et al.,     )
                              )
          Defendants.         )

## MEMORANDUM OPINION AND ORDER

This Court's September 25, 2012 Findings of Fact and
Conclusions of Law ("Findings and Conclusions," Dkt. 116)
culminated in the dismissal of this action for lack of personal
jurisdiction. What still remains is the motion of Philos & D,
Don-Hee Park and Jaehee Park (collectively "Philos & D") for
sanctions against plaintiff Philos Technologies, Inc. ("Philos
Tech") and each of Philos Tech's attorneys (collectively the
"Attorneys"). For the reasons stated hereafter, Philos & D's
motion is granted as against Philos Tech but denied as applied to
the Attorneys.

### Standard of Review

Philos & D's first claimed source of sanctions--Fed. R. Civ.
P. ("Rule") 11(b)--requires attorneys to certify that any given
submission to the court (1) was not submitted for an improper
purpose, (2) is supported by existing law or a nonfrivolous
argument for extending or altering existing law and (3) relies on

factual contentions that have evidentiary support.  Included in
those dictates is the obligation of attorneys to conduct an
objectively reasonable investigation into the underlying facts or
law of a given submission to insure that those characteristics
are satisfied (Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327
(7th Cir. 1993)).  If a submission fails to meet those standards,
a court is permitted to sanction the attorney who filed that
submission (Rule 11(c)(1)).

    All of that said, there is no need to update old pleadings
and submissions if they were not sanctionable at the time they
were filed.  Instead courts must look only to the potential
liability for what the lawyers knew or reasonably should have
known at the time of the submission (Pantry Queen Foods, Inc. v.
Lifschultz Fast Freight, Inc., 809 F.2d 451, 454 (7th Cir.
1987)).  As more is discovered, however, a party or attorney
cannot continue to advocate a claim that lacks a legal or factual
basis (Fabriko Acquisition Corp. v. Prokos, 536 F.3d 605, 610
(7th Cir. 2008)).  If a sanction is warranted, it must be limited
to what is necessary to deter future Rule 11 violations (Rule
11(c)(4)).

    Philos & D also requests sanctions under 28 U.S.C. §1927
("Section 1927"), which provides district courts with the
discretion to hold an attorney--though not a party--liable for
the attorney's fees and expenses of the opposing party if that

attorney "multiplies the proceedings in any case unreasonably and vexatiously."  For the purposes of Section 1927, an attorney multiplies proceedings "vexatiously" if he or she acts with subjective or objective bad faith (Dal Pozzo v. Basic Mach. Co., 463 F.3d 609, 614 (7th Cir. 2006)).  Objective bad faith need not be predicated on a finding of malice or ill will--instead reckless indifference to the law will suffice (id.).  As Dal Pozzo, 463 F.3d at 614 (internal quotation marks and citation omitted) teaches, that standard is met by "pursu[ing] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound."  Alternatively, if an objectively colorable basis for an attorney's conduct does exist, his or her actions can still be considered vexatious and unreasonable through a showing of subjective bad faith (id.).  As with Rule 11, Section 1927 requires attorneys to dismiss claims that are no longer viable (Jolly Group, Ltd. v. Medline Indus., Inc., 435 F.3d 717, 720 (7th Cir. 2006)).

## Background

Here the detailed Findings and Conclusions[1] provide a rich

---

[1]  Those Findings and Conclusions will be cited "F. ¶--" for findings of fact and "C. ¶--" for conclusions of law.  Defendant Philos & D's memorandum supporting its motion will be cited "D. Mem. ¶--," plaintiff Philos Tech's memorandum opposing the motion will be cited "P. Mem. ¶--" and Philos Tech's supplemental memorandum will be cited "P. Supp. Mem. ¶--."  Citations to exhibits attached to those submissions will add the suffix "Ex. --" to its corresponding document.

source of all the information needed to decide the current dispute. What follows in this section instead is an abbreviated version of the facts relevant to the present motion.

PLS Tech Korea ("PLS Tech") is a South Korean company, founded by Jong Ho Philos Ko ("J. Ko"), that specializes in heat treatment technology (F. ¶1). On December 20, 2007 Don-Hee and Jaehee Park (referred to singularly by their first names and collectively as "the Parks") entered into two written agreements (the "Agreements") with PLS Tech to establish a company--Philos & D--to manufacture and sell knives and shears using a particular type of surface treatment technology (F. ¶¶3-6). Their first agreement ("Joint Venture Agreement") established the joint venture between the Parks and PLS Tech, while the second agreement ("Equipment Agreement") explained that PLS Tech would provide Philos & D with the surface treatment equipment ("Equipment")(F. ¶6). Notably the Equipment Agreement contained an integration clause specifying that it could be modified only in writing (F. ¶7). Fully eight months later (on August 18, 2008) J. Ko sent Philos & D a letter on behalf of PLS Tech unilaterally purporting to cancel both the Joint Venture Agreement and the Equipment Agreement (F. ¶17[2]).

---

[2]    Although F. ¶17 mistakenly refers to that cancellation date as April 18, 2008, P. Mem. Ex. 1 ¶8 makes it clear that August 18, 2008 is indeed the correct date on which the cancellation letter was sent.

S. Ko--J. Ko's son and the sole shareholder in and President of Illinois company Philos Tech--was not present at the signing of the Agreements, nor was Philos Tech a party to those Agreements (F. ¶11). Nonetheless S. Ko brought suit on behalf of Philos Tech against Philos & D and the Parks in this Northern District of Illinois in December 2008. In Philos Tech's Complaint S. Ko alleged that it was Philos Tech and not PLS Tech that entered into a joint venture with the Parks on December 20, 2007 (Dkt. 1 ¶15). Indeed, the Complaint did not even mention the existence of PLS Tech, nor did it mention the Agreements (see generally Dkt. 1). Attorney David Lesht filed the Complaint, and he was assisted by Panasarn Aim Jirut (Dkt. 1). Both attorneys claim that they were unaware of the existence of the Agreements when they filed the Complaint.

Instead of appearing to defend against Philos Tech's suit, the Parks (and by extension Philos & D) sent a February 13, 2009 letter to the court[3] disclaiming the existence of personal jurisdiction in this District to hear the case (Dkt. 11). In that letter the Parks informed the court of the existence of the Agreements and asserted that they had no agreement at all with Philos Tech (id.). Shortly after the Parks' letter was sent,

---

[3] This action was originally assigned at random to the calendar of this Court's colleague and friend Honorable William Hibbler. It was reassigned to this Court's calendar (again at random) following Judge Hibbler's untimely death.

attorneys Thomas Vickers and Jeffrey Moran joined in prosecuting
S. Ko's case (Dkt. 13-14).

Because the Parks refused to appear, Philos Tech filed a
motion for default judgment, which was granted by Judge Hibbler
based on S. Ko's allegations (Dkt. 25).  Philos & D responded by
filing a motion to vacate the default judgment, arguing a lack of
personal jurisdiction, in response to which Philos Tech argued
for the first time that the Agreements had been rescinded
orally--and contemporaneously with their execution!!--in favor of
an agreement between Philos Tech and Philos & D (Dkt. 39 at 8-9).
Judge Hibbler denied Philos & D's motion to vacate the judgment
as untimely, but our Court of Appeals then reversed that ruling,
holding that Philos & D's method of challenging personal
jurisdiction was acceptable (see generally <u>Philos Tech. v. Philos
& D</u>, 645 F.3d 851 (7th Cir. 2011)).  Rather than passing upon the
factual issues tied to personal jurisdiction in the first
instance, the Court of Appeals remanded the case to the District
Court to do so (<u>id</u>. at 859).

When the case returned to the District Court, Philos & D
resubmitted its motion to vacate, and it also sent the Attorneys
a Rule 11 letter, warning them that Philos & D would seek
sanctions if Philos Tech did not withdraw the Complaint (D. Mem.
Ex. 5).  Philos & D asserted that the bases for sanctions were
the "material misrepresentations and omissions" contained in the

Complaint and readvanced through later pleadings, which falsely supported personal jurisdiction in this District (id.). In response Philos Tech insisted that the Agreements were provisional in nature, that the controlling agreement was between Philos & D and Philos Tech and that Philos Tech had a "textbook" conversion claim (D. Mem. Ex. 6). Accordingly Philos Tech refused to drop the Complaint (id.).

After the case was transferred to this Court, it held an evidentiary hearing to determine whether this District Court had personal jurisdiction over Philos & D. During that hearing this Court found S. Ko's testimony to be incredible and found that the purported "oral rescission" of the Agreements never took place (F. ¶¶12-16, 30). Instead this Court found that Philos Tech merely helped to carry out PLS Tech's contractual obligations under the Agreements by providing the Equipment described in the Equipment Agreement (id. at ¶8 n.4). As for Philos Tech's evidence suggesting that it had a joint venture with the Parks, including Philos & D's Articles of Incorporation and business plan, this Court found that such documents instead implemented the relevant actors' scam to receive South Korean benefits for assertedly having a foreign investor (id. ¶¶33-39).

Finally this Court determined that even if S. Ko's story had been true (as it was not), two facts would still prevent recovery. First, the Equipment Agreement expressly precluded any

oral modification (a preclusion that would of course bar a
purported oral rescission)(F. ¶7).  Second, even if the
Agreements could have been rescinded orally, the best that S. Ko
could hope for would be a breach of contract claim, not a claim
for conversion--and this District Court would not have personal
jurisdiction over the defendants for such a simple contract claim
(C. ¶¶6-7).

In light of all the Findings and Conclusions, this Court
granted Philos & D's motion to vacate and dismissed the action
for lack of personal jurisdiction.  Shortly thereafter Philos & D
filed the present motion, to which this Court now turns.

## Rule 11 and Philos Tech

Philos & D maintains that Philos Tech and the Attorneys
violated Rule 11 and that the Attorneys also violated Section
1927, so that both should be held liable for sanctions, because
of a lack of both factual and legal bases for Philos Tech's
claim.  Those contentions and both targets' responses to them
will be dealt with below, but first a few introductory points
must be made clear.

First, although the parties do not speak to this issue, it
is necessary to explain when a represented party such as Philos
Tech may be sanctioned under Rule 11 at all.  After all, by its
literal terms Rule 11(b) imposes a duty only on attorneys and
unrepresented parties, so it is not immediately clear how a

represented party could run afoul of its dictates.  But in that
regard Rule 11(c)(5)(A) explains that represented parties cannot
be sanctioned in monetary terms for violations of Rule
11(b)(2)--that is, for nonfrivolous <u>legal</u> arguments--at least
implying that represented parties <u>can</u> be sanctioned under the
remainder of Rule 11(b).  That implication is fortified by
reference to the Advisory Committee's notes to the 1993 amendment
to Rule 11 (the "Advisory Notes"), which state in part (emphasis
added):

> The sanction should be imposed on the persons--whether
> attorneys, law firms, or parties--who have violated the
> rule <u>or who may be determined to be responsible for the</u>
> <u>violation</u>.

Hence a represented party can be sanctioned monetarily if he, she
or it is held to have caused a Rule 11 violation, unless the
violation is legal in nature so as to come within
Rule 11(c)(5)(A)(see also Gregory Joseph, <u>Sanctions:  The Federal</u>
<u>Law of Litigation Abuse</u> §16(B)(17) at 2-267 to 2-268 (4th ed.
2008), hereafter cited as "Joseph, <u>Sanctions</u> §--").

Those Advisory Notes are also a helpful guide in determining
when a fee-shifting award of attorney's fees and expenses--the
sanction sought in the present motion--is appropriate under
Rule 11.  As the Advisory Notes explain, Rule 11 monetary
sanctions are ordinarily directed to be paid to the court, but
there are "unusual circumstances" under which Rule 11's goal of
deterrence cannot be accomplished without compensatory sanctions

in the form of an award of attorney's fees and expenses.  Just
such "unusual circumstances" are most likely to be created by
violations of Rule 11(b)(1)--the prohibition against submissions
with an improper purpose (see Advisory Notes to Rule 11), whether
such violations are caused by an attorney or a party or both (see
also Joseph, <u>Sanctions</u> §16(B)(17)(a) and (b).  Thus in
determining whether or not Philos & D's requested sanction of an
award of attorney's fees and expenses should be granted, this
opinion will look to whether such compensation will serve
Rule 11's deterrent purposes, focusing particularly on whether
Philos Tech or the Attorneys or both acted with an improper
purpose.

     With those introductory issues clarified, this opinion turns
first to the Rule 11 portion of Philos & D's motion as applicable
to Philos Tech.  Before discussing the merits of that motion,
though, this Court must consider Philos Tech's argument that
Rule 11 sanctions should be barred on procedural grounds.

     Philos Tech's first procedural argument is that Philos & D's
motion for Rule 11 sanctions was untimely.  Rule 11(c)(2)
contains a safe harbor provision, which requires that a Rule 11
movant either send a warning letter or serve a copy of the Rule
11 motion 21 days before actually filing the motion (see <u>Matrix
IV, Inc. v. Am. Nat'l Bank & Trust Co.</u>, 649 F.3d 539, 552 (7th
Cir. 2011)).  There is no question that Philos & D's Rule 11

motion was not filed too early, for its warning letter preceded the filing of the current motion by almost a year (see D. Mem. Ex. 5 and Dkt. 127). As Philos Tech points out, however, a Rule 11 motion can also be filed too late. Ninety days after final judgment is the "outer parameter" for filing a Rule 11 motion for sanctions (Matrix IV, 649 F.3d at 553), but according to Kaplan v. Zenner, 956 F.2d 149, 151-52 (7th Cir. 1992) filing a Rule 11 motion within that 90-day time frame does not guarantee timeliness. Kaplan, 956 F.2d at 151 held that a Rule 11 motion for sanctions brought within the 90-day window will still be denied as untimely if it was not filed "as soon as practicable after discovery of a Rule 11 violation" (see also Sullivan v. Hunt, 350 F.3d 664, 666 (7th Cir. 2003)).

Under Kaplan, 956 F.2d at 152 the reasonableness of a Rule 11 motion's timing is necessarily a fact-specific inquiry. In Kaplan, id. at 150-51 one of several defendants waited to file a Rule 11 motion until final judgment was entered, despite the fact that he had been dismissed from the case nearly two years earlier, and the court held that the two year delay could be grounds for denial based on a lack of timeliness (id. at 152).

In Matrix IV, 649 F.3d at 552-53, however, a Rule 11 motion was deemed timely despite a more-than-two-year gap between a Rule 11 notice letter and the filing of a motion. Notably that gap was filled by litigation over the defendant's motion to dismiss.

Matrix IV, 649 F.3d at 552-53 reasoned that "[t]he 21-day window specified in Rule 11 is a floor, not a ceiling" and that "[p]ostjudgment motions for sanctions are permissible so long as the moving party substantially complies with Rule 11's safe-harbor requirements."  Matrix IV, 649 F.3d at 553 does acknowledge that a Rule 11 motion could be filed too late, but it refers only to the 90-day "outer parameter" and not to Kaplan's "as soon as practicable" test (despite Matrix IV's citation of Sullivan, 350 F.3d at 666, which does acknowledge Kaplan and its reasonableness test).

Although it may be difficult to square Matrix IV's strong language with Kaplan's reasonableness test, it should be emphasized that Kaplan preceded Matrix IV by almost two decades--so this Court regards the latter case as the most recent emanating from our Court of Appeals and hence as carrying the most weight.  But in all events, even if those two cases differ only factually, the present case is clearly of the Matrix IV--and not the Kaplan--variety.  Philos & D's Rule 11 motion was filed nearly four years after the filing of the Complaint, but for roughly a year and a half of that time Philos & D was exercising its right not to appear in protest of personal jurisdiction.  As for the remaining gap, it was understandably occupied by Philos & D's attempt to vacate the default judgment that had been improperly levied against it.  Just over a month after that

effort succeeded, however, Philos & D filed the current motion. Thus as in <u>Matrix IV</u> and unlike <u>Kaplan</u>, the time between the alleged Rule 11 violation and the filing of the current motion was filled by Philos & D's litigation activity. Its Rule 11 motion is unquestionably timely.

Philos Tech's second procedural challenge questions the sufficiency of Philos & D's Rule 11 notice letter. Philos Tech correctly asserts that notice letters must outline the specific conduct that is allegedly violative of Rule 11 (see <u>Matrix IV</u>, 649 F.3d at 552 n.5). Philos Tech claims that the warning letter here questioned only the truthfulness of Philos Tech's jurisdictional facts and made no mention of the conversion claim's lack of legal and factual bases.

Philos Tech is correct on the legal-basis front, as the letter makes no mention of any legal flaws. Rule 11 sanctions may therefore not be applied based on Philos Tech's legal shortcomings.[4] As to the letter's alleged failure to warn of factual deficiencies, though, Philos & D has by far the better of it. Its counsel's letter explicitly states that "your Complaint contains multiple material misrepresentations and omissions directly relevant to the jurisdictional questions pending before

---

[4] As previously noted, Section 1927 sanctions could still be levied against the Attorneys for a lack of legal bases for their submissions, because Section 1927 does not require a warning shot across the nonmovant's bow.

Judge Hibbler" (D. Mem. Ex. 5). That the letter challenged only jurisdictional facts is unimportant, for Rule 11 sanctions would be prudently granted even if Philos Tech falsified or mischaracterized facts strictly to bolster its support of personal jurisdiction (cf. <u>TMF Tool Co. v. Muller</u>, 913 F.2d 1185, 1187-88 (7th Cir. 1990)).[5] This opinion turns, then, to whether Philos Tech itself should be sanctioned under Rule 11 for factual falsification or misrepresentation.

Given the Findings and Conclusions, Rule 11 sanctions are clearly warranted against Philos Tech. As already stated, the Complaint falsely claimed that Philos Tech had a "meeting" with the Parks and contracted with them to form a joint venture--a position advanced to support--again falsely--a predicate for in personam jurisdiction over them. When confronted with the written Agreements to which Philos Tech was <u>not</u> a party, it claimed that those Agreements were rescinded through an oral agreement on the very day they were executed (F. ¶12), and it acknowledged that S. Ko's claimed "meeting" with the Parks was actually a telephone conversation (D. Mem. Ex. 2 at 264-65). Those factual retreats, seriously damaging to S. Ko's credibility, could alone have been enough to find that no such

---

[5] It should be noted, however, that the challenged facts were advanced to support both personal jurisdiction <u>and</u> Philos Tech's substantive claim, so that to challenge one is to challenge both.

oral agreement canceling the simultaneously-executed written Agreements was ever arrived at, but there was more evidence confirmatory of S. Ko's false testimony as well.

For instance, J. Ko's August 2008 letter to the Parks on behalf of PLS Tech, stating that it was canceling the Agreements with Philos & D, is 180º out of phase with S. Ko's version that those Agreements had already been cancelled orally months earlier.  In addition, the Findings and Conclusions document evidence reflecting that all of the relevant parties--plaintiffs, defendants and J. Ko--joined in arranging sham transactions to make it look as though Philos & D had a foreign investor in Philos Tech, which explains why Philos Tech is listed on Philos & D's Articles of Incorporation, business plan and foreign direct investment papers (F. ¶¶33-39).  Perhaps most telling is the fact that the Complaint failed to even mention the clearly relevant Agreements--an indication that S. Ko was bent on obfuscation from the very start.[6]

So the long and short of it is that Philos Tech fabricated a story about an oral agreement that supposedly superseded the

_____

[6]  It should be emphasized that this Court is expressing no views as to the legal effect of the transactions and relationships among the parties--those matters will be for a court having jurisdiction over them to resolve.  What controlled the Findings and Conclusions, and what controls here, is the bogus story concocted by Philos Tech and the Kos to hale Philos & D and the Parks into an Illinois-based court, so remote from their South Korean home base.

contemporaneous written agreements--a fabrication that was needed to support Philos Tech's bid to settle a dispute with the Parks in this United States District Court rather than in a South Korean court. Hence it made its submissions to this District Court with an improper purpose and with a faulty factual basis. That is sanctionable behavior under Rule 11, and Philos Tech is therefore ordered to pay the attorney's fees and expenses incurred by Philos & D and the Parks.[7]

## Rule 11 and Section 1927 and the Attorneys

As to the Attorneys, Philos & D and the Parks seek to invoke both Rule 11 and Section 1927 as the bases for imposition of sanctions. This opinion will address the Section 1927 issues first.

For one thing, Philos & D and the Parks point to the lack of legal support for the claim of conversion advanced in the Complaint. In response Philos Tech argues yet again that conversion is a plausible legal theory for recovery on the facts of this case. To that end Philos Tech first cites to assertedly analogous cases that found a conversion theory applicable (see, e.g., Standard Car Truck Co. v. Consolequip, 00 C 5952, 2001 WL

_____

[7] In this Court's judgment such a sanction of fees and costs is both necessary and sufficient to deter Philos Tech and other parties from repeating the behavior exhibited during this litigation. Because Philos Tech brought this action without sufficient factual support from the beginning, it is responsible for the entirety of the defendants' fees and expenses (cf. Divane v. Krull Elec. Co., 319 F.3d 307, 314 (7th Cir. 2003)).

1665221 (N.D. Ill. Dec. 27); Weiland Tool & Mfg. Co. v. Whitney,
100 Ill. App. 2d 116, 241 N.E. 2d 533 (1st Dist. 1968)). But
those cases are not analogous--in each of them it was only
possession and not ownership of the property at issue that was
transferred (Standard Car Truck Co., 2001 WL 1665221, at *1;
Weiland Tool & Mfg. 100 Ill.App.2d at 127, 241 N.E.2d at 539),
while here both possession and ownership of the Equipment were
transferred to Philos & D (C. ¶6).

     In that respect Brodsky v. Frank, 342 Ill. 110, 173 N.E. 775
(1930) is on all fours with this case, as explained in the Facts
and Conclusions (id.), and it shows the clear inapplicability of
the concept of conversion. Philos Tech's counsel quarrels with
that, arguing that the Brodsky conversion holding turned on a
factual and not a legal dispute. That, however, is a total
misreading of that case--listen to this key portion of Brodsky,
342 Ill. at 119, 373 N.E. at 778 (emphasis added)(a portion that,
ironically, Philos Tech's counsel actually quote in their brief):

>     If defendants in error purchased the property and
>     received it from plaintiff in error voluntarily and
>     agreed to pay for it in December, 1925, as alleged in
>     the declaration [read: complaint], they had a right to
>     appropriate it to their own use, and they were not
>     guilty of conversion.

Thus Brodsky found conversion to be an inappropriate vehicle for
recovery even accepting plaintiff's version of the facts.
Brodsky's applicability becomes even more clear from its
discussion of People v. Healy, 128 Ill. 9, 18, 20 N.E. 692, 695

(1889)), a detailed recounting of which is unnecessary.

But Philos Tech's counsel's advancement of an unsound basis
on which to seek relief does not necessarily call Section 1927
into play--if that were the case, any unsuccessful Rule 12(b)(6)
motion could automatically provide an exception to the "American
Rule," under which the norm is for every litigant to bear its own
legal fees.  Put another way, the fact that a court may be vexed
by counsel's disagreement with its analysis does not equate to
vexatiousness under Section 1927 just because that disagreement
on the part of counsel was mistaken.

Here it cannot fairly be said that counsel for Philos Tech
acted with recklessness toward Illinois' conversion law.  They
presented several Illinois cases that, while distinguishable,
bore some similarities to this case, and a nuanced understanding
of their facts is required to see why they are inapplicable (see,
e.g., Weiland Tool & Mfg.).  Moreover, the only directly-on-point
Illinois decision that this Court could find was issued over 80
years ago.  In sum, the Attorneys did not act vexatiously and
unreasonably by bringing Philos Tech's action as a conversion
claim.

To turn to the second possible path to Section 1927
liability--that the Attorneys' continued contention that the
written Agreements were orally rescinded at their very conception
and replaced with a totally different oral understanding was both

- 18 -

factually and legally deficient--that presents a much closer call. On balance, however, this Court will not pursue that path to its ultimate destination of lawyer liability.

It will be remembered that the Joint Venture Agreement's explicit creation of a joint venture between the Parks and <u>PLS Tech</u> (the South Korean company founded and headed by J. Ko) to form Philos & D has been urged by Philos Tech (the United States corporation headed by J. Ko's son S. Ko) and its Attorneys to have been transmuted somehow into a joint venture between <u>Philos Tech</u> and the Parks. And some documents do read in that vein: Philos & D's Articles of Incorporation, its business plan and its foreign direct investment papers, all of which named Philos Tech as a cofounder or shareholder of Philos & D (P. Mem. Exs. 1A, 1B, 1C). In addition, the Attorneys presented some evidence that Philos & D publicly held itself out to be a joint venture with Philos Tech as a partner (P. Supp. Mem. Ex. 14).

To all of this Philos & D responds by pointing to J. Ko's written letter that stated he was canceling the Agreements <u>several months after</u> Philos Tech and S. Ko contend that the Agreements had already been canceled orally--an objective fact totally at odds with S. Ko's and Philos Tech's subjective story. That disconnect between reality and the manufactured "facts" supporting the Attorneys' arguments is readily understood: S. Ko, J. Ko and the Parks were colluding to make it appear as

though Philos Tech was investing in Philos & D.

Although those trumped-up facts provide no protection against liability for S. Ko and Philos Tech (after all, they were co-conspirators in that scheme who were fully aware of the evidence's dubiousness and of the absence of evidence tying Philos & D's and the Parks' conduct to any Illinois-based involvement on their part), the Attorneys will not be punished for having been duped by a charade propagated by the parties with the aid of lawyers elsewhere. Certainly the Attorneys were entitled to credit their clients' story in the first instance, and when that story was then questioned the Attorneys were provided with claimed evidentiary support--and even though that evidence was then discredited, the record does not reflect either (1) just how and when that came to be known by the Attorneys or (2) whether or how they engaged in a further inquiry of their client in light of that information.[8] We are left then to look solely to suppositions and inferences, and those alone cannot suffice to support a holding that the Attorneys acted

---

[8]   That line was not pursued by Philos & D in support of the present motion.  In that respect, that avenue of inquiry need not have been foreclosed by attorney-client privilege considerations, because where--as here--the question of potential lawyer liability for representation of the client is at issue, Ill. S.Ct. Rule of Professional Conduct 1.6(b)(5) permits disclosure by the lawyer of otherwise privileged communications.  That provision mirrors ABA Model Rule of Professional Conduct 1.6(b)(5) and is pointedly covered in this District Court's LR 83.51.6(c)(3), which speaks specifically of "defend[ing] the lawyer...against an accusation of wrongful conduct."

vexatiously.

To shift finally to Rule 11 as a potential source of liability on the part of the Attorneys, what has been said as to Section 1927 has major force in the different context of that Rule as well. Filing an original Complaint in reliance on a client's seemingly plausible representations is nothing more than what lawyers reasonably do every day. When those representations were then placed in question in this instance, so that Rule 11(b)'s obligation for "an inquiry reasonable under the circumstances" kicked in to require the Attorneys to look into that question, the client (that is, S. Ko as the Attorneys' source of information) obviously had to provide counsel with the story and limited evidentiary support described earlier.

This Court recognizes that this is a close call considering what it has found to be the implausibility of S. Ko's story. But it _is_ a close call, and as stated earlier, the state of the record calls for the same conclusion as to Rule 11 as has been reached here regarding Section 1927.

Moreover, though this provides only minor support for that conclusion, our Court of Appeals explained a quarter century ago that disagreements among judges as to the merits of an issue can support the reasonableness of a party's arguments for the purposes of Rule 11 (<u>Indianapolis Colts v. Mayor and City Council of Baltimore</u>, 775 F.2d 177, 182 (7th Cir. 1985)). Here three

South Korean courts have come to the conclusion, on the evidence presented to them, that Philos & D was a joint venture between Philos Tech and the Parks (P. Mem. Exs. 7, 12, 14).[9]

In sum, this Court will not burden the Attorneys with defendants' attorney's fees and expenses. In addition to the preceding analysis, it should be remembered that the defendants themselves helped craft the mosaic of misleading information that the Attorneys relied upon.

## Conclusion

To summarize, Philos & D's motion for sanctions is granted in part and denied in part: It is granted pursuant to Rule 11 as applied to Philos Tech, but it is denied in all respects as applied to the Attorneys. Accordingly Philos Tech is ordered to pay Rule 11 sanctions in the form of the defendants' attorney's fees and expenses, together with a "delay factor" to account for the cost of money, a concept approved by <u>Brandt v. Schal Assocs., Inc.</u>, 960 F.2d 640, 651-52 (7th Cir. 1992) in affirming this Court's application of such a factor under the pre-1993 version of Rule 11. That application remains sound in principle under today's Rule 11. What remains is the need to quantify those

---

[9] It remains for the future to see whether that view will stand up when the substantive issues that this opinion has had no occasion to address are thrashed out before a court having jurisdiction over the disputants (presumably in South Korea), and when that court is presented with this Court's Findings and Conclusions and this opinion together with the evidence relied on in both.

sanctions, and a status  hearing is set for 8:45 a.m. May 14, 2013 to discuss the timing and procedure for that purpose.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 8, 2013

Philos Technologies, Inc.

                    Plaintiff,

v.                                      Case No.: 1:08−cv−07240

                                      Honorable Milton I. Shadur

Philos & D Inc., et al.

                    Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, April 8, 2014:

       MINUTE entry before the Honorable Milton I. Shadur: Enter Memorandum
Opinion and Order. Accordingly, this chapter ends with an assessment of fees and
expenses properly awarded to Philos & D, Don−Hee Park and Jaehee Park (collectively
"Philos & D") as a sanction imposed against plaintiff Philos Technologies, Inc. Judgment
is ordered entered in favor of "Philos & D" and against Philos Technologies in the sum of
$729,832.72. Mailed notice by judge's staff. (srb,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

| | |
|---|---|
| **PHILOS TECHNOLOGIES, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 08 C 7240 |
| | ) |
| **PHILOS & D, INC.**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This memorandum opinion and order is the final chapter at the District Court level of this lengthy legal drama, although the appeal on the merits has been pending for a goodly period.[1] This chapter ends with an assessment of fees and expenses properly awarded to Philos & D, Don-Hee Park and Jaehee Park (collectively "Philos & D") as a sanction imposed against plaintiff Philos Technologies, Inc. ("Philos Tech").

This Court's September 25, 2012 findings of fact and conclusions of law ("Findings and Conclusions," Dkt. 116) dismissed this action for lack of personal jurisdiction. Later this Court's May 8, 2013 memorandum opinion and order ("Opinion," 943 F.Supp.2d 880) granted Philos & D's motion for sanctions pursuant to Fed. R. Civ. P. ("Rule") 11 and ordered Philos

---

[1] This Court is of course keenly aware of our Court of Appeals' strong preference for dealing with all appellate issues in a single proceeding, so this Court's goal was to resolve the fee issues dealt with here within a considerably shorter time span than has proved possible. Regrettably, the sheer volume of the billing records at issue and the time occupied by the litigants in addressing the complexities involved, exacerbated by a number of mistaken approaches and calculations that required do-overs, have dashed those hopes. At the same time, the current monthly report that this Court has just received from the Court of Appeals has not listed a scheduled oral argument date for the merits appeal, so that a single appellate sitting for that and the likely appeal from today's order might still prove possible.

Tech to compensate Philos & D for defendants' attorney's fees and expenses (together with a "delay factor" to account for the cost of money). For the reasons outlined below, Philos Tech is ordered to pay Philos & D's fees and expenses in the amount of $729,832.72.

## Background

Given the comprehensive factual account provided in the Findings and Conclusions,[2] there is no need to recount in detail the entire history of this dispute. What follows instead in this section is an abbreviated summary of the facts relevant to a determination of properly compensable fees and expenses.

PLS Tech Korea ("PLS Korea") is a South Korean company, founded by Jong Ho Philos Ko ("J. Ko"), that specializes in heat treatment technology (F. ¶ 1). On December 20, 2007 Don-Hee and Jaehee Park (referred to singularly by their first names and collectively as "the Parks") entered into two written agreements (the "Agreements") with PLS Korea to establish a company -- Philos & D -- to manufacture and sell knives and shears using a particular type of surface treatment technology (F. ¶¶ 3-6). Fully eight months later (on August 18, 2008) J. Ko sent Philos & D a letter on behalf of PLS Korea unilaterally purporting to cancel both Agreements (F. ¶ 17).

S. Ko -- J. Ko's son and the sole shareholder in and President of Illinois company Philos Tech -- was not present at the signing of the Agreements, nor was Philos Tech a party to those Agreements (F. ¶ 11). Nonetheless S. Ko brought suit against Philos & D and the Parks in 2008

---

[2] Those Findings and Conclusions will respectively be cited "F. ¶ --" and "C. ¶ --," while the Opinion will be cited "Op. at --," referring to the 943 F.Supp.2d page number, Philos & D's initial petition quantifying fees and costs will be cited "D. Pet. ¶ --," Philos Tech's memorandum opposing that petition will be cited "T. Mem. ¶ --" and Philos & D's reply will be cited "D. Rep. ¶ --." Citations to exhibits attached to those submissions will add the suffix "Ex. --" to the corresponding document.

in this Northern District of Illinois on behalf of Philos Tech.  Philos Tech's Complaint alleged

that Philos Tech -- and not PLS Korea -- had entered into a joint venture with the Parks (Dkt. 1

¶ 15).  Incredibly the Complaint totally omitted any mention of the existence of either PLS Korea

or the Agreements.

Unsurprisingly the Parks took exception to Philos Tech's claims and denied the existence

of personal jurisdiction over them in this District Court.  In a February 13, 2009 letter to the

Honorable William Hibbler (to whose calendar this action was originally assigned), the Parks

revealed the existence of the Agreements and denied the existence of any later agreement with

Philos Tech (Dkt. 11).  Philos Tech responded by moving for a default judgment, which Judge

Hibbler granted based on S. Ko's allegations (Dkt. 25).

Next Philos & D moved to vacate that default judgment based on an asserted lack of

personal jurisdiction.  Although Judge Hibbler denied the motion to vacate, our Court of Appeals

reversed that ruling and held that Philos & D's method of challenging personal jurisdiction --

through the February 2009 letter -- was acceptable (see generally Philos Tech., Inc. v. Philos &

D, Inc., 645 F. 3d 851 (7th Cir. 2011)).  But the Court of Appeals declined to rule on the issue of

personal jurisdiction in the first instance, remanding the case to the District Court to do so (id. at

859).

On remand Philos & D resubmitted its motion to vacate (Dkt. 79) and sent a Rule 11

letter, warning its opponents that Philos & D would seek sanctions if Philos Tech did not

withdraw the Complaint.  Philos & D there cited the "material misrepresentations and omissions"

contained in the Complaint and readvanced in later pleadings, which it argued falsely supported

personal jurisdiction in this District.  Despite that shot across its bow, Philos Tech refused to

drop the Complaint, insisting that the Agreements were only provisional in nature and that the controlling agreement was an asserted oral one between Philos & D and Philos Tech.

After the untimely death of Judge Hibbler and ensuing transfer of the case, this Court held an evidentiary hearing to determine the existence of personal jurisdiction. That hearing led to the inevitable conclusion that the purported "oral rescission" of the Agreements never took place, that Philos Tech merely helped to carry out PLS Korea's contractual obligations under the Agreements and that Philos Tech's "evidence" of a joint venture with the Parks merely implemented the parties' joint scam to receive South Korean financial benefits obtainable by companies with a foreign investor (F. ¶¶ 30-39).

In light of its Findings and Conclusions, this Court granted Philos & D's motion to vacate and dismissed the action for want of personal jurisdiction. Following that dismissal Philos & D filed a motion for sanctions against Philos Tech and its attorneys under Rule 11 (as to both Philos Tech and the attorneys) and 18 U.S.C. § 1927 ("Section 1927") (as to the attorneys only). Because -- among other untruths -- Philos Tech falsely claimed that the Parks had contracted with Philos Tech to form a joint venture and failed even to mention the existence of the Agreements, this Court concluded that S. Ko was bent on obfuscation from the very start (Op. at 888 (emphasis in original)):

> So the long and short of it is that Philos Tech fabricated a story about an oral agreement that supposedly superseded the <u>contemporaneous</u> written agreements -- a fabrication that was needed to support Philos Tech's bid to settle a dispute with the Parks in this United States District Court rather than in a South Korean court. Hence it made its submissions to this District Court with an improper purpose and with a faulty factual basis.

That of course is sanctionable behavior, and this Court therefore ordered Philos Tech to pay those attorneys' fees and expenses of its opponents that flowed from the sanctionable

submissions -- which is to say the entirety of the fees and expenses reasonably incurred by Philos & D in this case (<u>id</u>.). This Court nevertheless gave the benefit of the doubt to Philos Tech's attorneys, assuming that they did not know of their client's falsehoods and therefore declining to impose sanctions against them (<u>id</u>. at 889-91). After a number of hiccups in the process, both sides have now fully briefed the issue of an appropriate fee award, rendering the matter ripe for resolution.

## Standard of Review

Rule 11 sanctions aim primarily to deter future rule violations, and the scope of such sanctions must therefore be limited to what is necessary to deter sanctionable conduct (Rule 11(c)(4)). But "[c]ompensation and deterrence are not only not mutually exclusive, they are sometimes compatible" (<u>Brandt v. Schal Assocs., Inc.</u>, 960 F. 2d 640, 646 (7th Cir. 1992)), and a district court may therefore impose sanctions by ordering a rule violator to make good its opponent for the harm caused by its violation (see, among other cases, <u>Divane v. Krull Elec. Co.</u>, 319 F. 3d 307, 314 (7th Cir. 2003)).

In a case such as this one, in which a complaint was filed and pursued in bad faith from the get-go, a reasonably accurate measure of the harm Philos Tech has caused is what it has cost its opponent (<u>Brandt</u>, 960 F. 2d at 647). Sanctions must be limited to those fees and expenses "directly resulting from the violation" (Rule 11(c)(4)) -- but that requirement poses no obstacles where, as here, <u>all</u> expenses borne by Philos & D stem from Philos Tech's sanctionable Complaint and its pursuit thereof. Even when considering fees and expenses directly resulting from sanctionable conduct, a court "must ensure that the time was reasonably devoted to the litigation" (see <u>Szopa v. United States</u>, 460 F. 3d 884, 886 (7th Cir. 2006)).

**Fees Incurred on Appeal and in South Korean Litigation**

Before turning to the meat of Philos & D's petition -- fees and expenses generated in litigation before this District Court -- this opinion must first address a significant threshold matter. Philos & D has included in hits petition substantial fees (totaling $280,479.27) incurred in litigating this case before our Court of Appeals and in defending itself in South Korean proceedings brought against it to enforce the previously-awarded judgment. Philos & D argues that those expenses resulted directly from Philos Tech's Rule 11 violation and are therefore compensable.

That contention may perhaps have force as a matter of pure logic, but it remains settled law that this Court may not award fees under Rule 11 for expenses incurred on appeal -- and that reasoning would appear to apply a fortiori to fees incurred in a separate action in a foreign court. Cooter & Gell v. Hartmarx Corp, 496 U.S. 384, 406 (1990) says as much as to appellate expenses:

> On its face, Rule 11 does not apply to **a**ppellate proceedings. Its provision allowing the court to include "an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee" must be interpreted in light of Federal Rule of Civil Procedure 1, which indicates that the Rules only "govern the procedure in the United States district courts." Neither the language of Rule 11 nor the Advisory Committee Note suggests that the Rule could require payment for any activities outside the context of district court proceedings.
>
>             \*      \*      \*
>
> We believe Rule 11 is more sensibly understood as permitting an award only of those expenses directly caused by the filing, logically, those at the trial level.

As Philos & D points out, the application of Cooter & Gell's clear holding here is undercut somewhat by a significant factual divergence between that case and the matter before this Court: Here the disputed fees were not "expenses incurred in defending the [Rule 11] award

on appeal," but rather in defending the merits of this Court's ruling on the issue of personal jurisdiction. Certainly those appellate expenses might reasonably be viewed as having been incurred "because of the filing of the [Rule–violative] pleading" by Philos Tech in a more direct way than the appellate expenses at issue in Cooter & Gell.

But on balance this Court finds that possibility to be overridden by the literal breadth of the quoted Cooter & Gell language and by the key fact that our Court of Appeals has ample power to deal with appellate expenses under its own rules if it were to find the appeal "frivolous" in the legal sense (see Fed. R. App. P. 38 and the discussion in Cooter & Gell, 496 U.S. at 406-07 immediately following the already-quoted portion of that opinion). Indeed, our Court of Appeals has itself lent strength to such reading of Rule 11, holding that "[w]e cannot, however, award sanctions under Rule 11 of the civil rules; unlike Rule 38 of the appellate rules, it is inapplicable to appellate proceedings" (DDI Seamless Cylinder Int'l, Inc. v. Gen. Fire Extinguisher Corp., 14 F. 3d 1163, 1165 (7th Cir. 1994)).

Philos & D nonetheless insists that this Court has power to award fees under Rule 11 for legal efforts expended on appeal. In support of that proposition it cites a single footnote in Chambers v. Nasco, 501 U.S. 32, 42 n.8 (1991) that says, "In the case of Rule 11, a violation could conceivably warrant an imposition of fees covering the entire litigation, if, for example, a complaint or answer was filed in violation of the Rule." Read in context, however, that footnote merely establishes that a wrongly-filed complaint could justify imposition of fees covering the entire district court litigation, rather than merely the fees incurred in answering that complaint. That scenario of course is precisely what has occurred here. Chambers has nothing at all do with a district court's authority to award fees incurred on appeal, and Philos & D's inability to produce

a single case in the wake of <u>Cooter & Gell</u> in which a district court awarded appellate fees under Rule 11 reinforces that reading of the case.

Oddly enough, Philos & D's position is somewhat stronger as to expenses incurred in defending itself in South Korean enforcement proceedings. Those proceedings are obviously not subject to Fed. R. App. P. 38, and that basis for the <u>Cooter & Gell</u> holding therefore does not apply here. If this Court were to consider Rule 11's language in isolation, it might be tempted to find that the Korean fees were compensable: In a very real sense expenses incurred in those proceedings "directly result[ed] from the violation" at issue here, as they were direct attempts to enforce a judgment of this District Court.

But this Court will not ignore <u>Cooter & Gell's</u> clear instruction that Rule 11 permits an award only of expenses "at the trial level." <u>Brandt</u>, 960 F. 2d at 650 provides a further gloss on that opinion:

> The Court unequivocally stated in <u>Cooter & Gell</u> that "the central purpose of Rule 11 is to deter baseless filings in district court." <u>Id</u>., at 2454. Disallowing inclusion of the costs of appeal would not directly frustrate this purpose, but disallowing the costs of Rule 11 proceedings in district court would.

So too, disallowing the expenses of a foreign enforcement proceeding will have a negligible effect on the ability of Rule 11 to deter baseless filings in the district court. Both <u>Brandt</u> and <u>Cooter & Gell</u> therefore militate strongly against the recapture of fees and expenses incurred in the South Korean proceedings, despite the fact that Philos Tech's sanctionable conduct was in a very real sense the but-for cause of those expenses.

That understanding of Rule 11's reach also accords with common sense: It would be a topsy-turvy world in which Rule 11 sanctions extended to proceedings in a foreign nation but could not stretch to our own Court of Appeals. Philos & D are of course welcome to avail

themselves of whatever sanctions or fee-shifting provisions a Korean court may see fit to impose, but this Court will not invoke Rule 11 to police matters filed in foreign courts.

In sum, the $185,750.50 in fees and expenses incurred by Philos & D on appeal[3] and the $94,728.77 it incurred in the Korean proceedings (as calculated in its reply submission) will not be included in the final award here. This opinion turns, then, to assessing the reasonableness of fees and expenses generated by litigation at this District Court level.

### Reasonableness of District Court Fees and Expense

On that score this Court has frequently had occasion to speak to the problems posed by the task thrust on judges in this type of proceeding (see, e.g., Koval v. PaineWebber Housing & Healthcare Funding, Inc., 128 F.R.D. 654 (N.D. Ill. 1989)). There is surely a great deal of force to the idea that if fee-shifting is decided to be a proper remedy for a Rule 11 violation in a case such as this one, that shifting ought to be total. But unless and until that approach gains approval from the rulemakers in this area, this Court will continue to discharge the task marked out by Jardien v. Winston Network, Inc., 888 F. 2d 1151, 1160-61 (7th Cir. 1989) and like cases.

Having said that, however, this Court has taken the view that unless there is some real reason (and not just carping) to support a finding of unreasonableness in the scope and amount of fees incurred on Philos & D's behalf and paid for by Philos & D without protest, the amount of those fees should be considered presumptively reasonable (accord, People Who Care v. Rockford Bd. of Educ., 90 F. 3d 1307, 1313 (7th Cir.1996)). For as Cintas Corp. v. Perry, 517 F. 3d 459,

---

[3] While $185,750 generally appears to be the number claimed as "fees and expenses incurred on appeal" by Philos & D (see D. Rep. Ex. A079, A010), at one point Philos & D appears to be asking for the greater figure of $186,944.29 (see D. Rep. 8). With those expenses having been disallowed entirely, the precise amount requested is unimportant.

469 (7th Cir. 2008) makes clear, "the best evidence of whether attorney's fees are reasonable is whether a party has paid them."

<u>Reasonableness of Philos & D's Attorneys' Hourly Rates</u>

In this case the hourly rates that Philos & D evidently found acceptable ranged from $645 per hour (for Winston & Strawn partner John Moss ("Moss")) down to $310 per hour (for Schiff Hardin associates Ann MacDonald and Brooke Schaefer). While hardly small change, those rates are in this Court's experience entirely consistent with rates charged by attorneys at other large Chicago firms. Philos & D also offers affidavits by Moss (Dkt. 191) and Schiff Hardin partner Allan Horwich (Dkt. 190) affirming that the hourly rates charged to Philos & D are consistent both with their own usual rates and with those of the Chicago market.

Philos Tech provides no evidence that directly contradicts those points, but it nonetheless argues that the rates charged in this case are unreasonable.[4] Its central argument boils down to a contention that because the hourly rates of its opponents' attorneys are higher than that of its own attorneys, that renders the higher rates unreasonable. As a proposed cure for that purported "defect," Philos Tech goes so far as to suggest a 50% reduction in the higher billed rates to "make defendants' rates similar to Philos Tech's rates." But even though the rates charged by the Winston & Strawn and Schiff Hardin lawyers (and, not incidentally, paid for at those rates by

---

[4] Philos Tech also complains that Philos & D chose to retain Washington, D.C. lawyer Moss rather than a local attorney. Moss explains that Philos & D did so primarily because of his prior work representing a South Korean company (Dkt. 191 ¶ 9), and such expertise is of course a reasonable basis on which to hire counsel. Moss has also demonstrated that his rates are equal to or slightly below those of his Chicago colleagues and that his travel to Chicago for this matter was minimal. Philos & D was certainly entitled to select an attorney with special expertise in working on behalf of South Korean corporations, even if that expertise ultimately added a negligible amount to the financial burden borne by Philos Tech.

Philos & D) might perhaps tend to trigger some judicial ruefulness as to having taken the vows of poverty to go on the bench, Philos Tech's challenge on that score necessarily fails.

Lawyers are not fungible (shades of Orwell's <u>Animal Farm</u>!).  When this Court left private practice to go on the bench, the hourly rate that it had then been charging to and receiving from its clients (although obviously beggared by the explosion in such rates that has taken place in the intervening decades) was in the top range of the rates then being billed by Chicago lawyers.  As such, it would have been well in excess of the "norm" that any generalized survey of average hourly rates would have produced.  But the relevant <u>market</u> for this Court's services in the numerous areas of practice in which it had demonstrated the desired quality of representation to the satisfaction of its clients was represented by the mutual agreements reached with those clients as to the price of its services.  At least in the absence of any indication that such agreements represented an unreasonable decision on the part of the clients, the agreed-upon rate was by definition the proper measure of a reasonable fee.

Just so here.  Philos & D, with the universe of lawyers available to it, selected those two firms (with no reason to anticipate at the time of selection that a court would ultimately see fit to shift the cost of those choices to its opponent) and have paid those firms' fees as billed.  That situation calls, really a fortiori, for application of the principles well articulated by our Court of Appeals in <u>Gusman v. Unisys Corp.</u>, 986 F. 2d 1146, 1150–51 (7th Cir. 1993):

> Recall that the objective is to find the reasonable fee for the work. When the lawyers sell their time in the market, the market provides the starting point: the lawyer's hourly rate. <u>Eddleman v. Switchcraft, Inc.</u>, 965 F. 2d 422, 424–25 (7th Cir.1992). Lawyers do not come from cookie cutters. Some are fast studies and others require extra preparation. Some are more nimble on their feet and apt to achieve better results at trial. Some have deeper insight and in a few hours may find ways to prevail (or to curtail costly discovery) that will elude their colleagues. Clients are willing to pay more, per hour, for these better lawyers. A $225 per hour lawyer may end up costing less than a $150 lawyer for the same

result or may produce better results for the same total bill. Markets recognize these truths; judges must too. Only an assumption that all lawyers are identical could support the averaging approach, under which all lawyers in a division of the court receive the same hourly fee.

*        *        *

Our recent cases have stressed that the best measure of the cost of an attorney's time is what that attorney could earn from paying clients. For a busy attorney, this is the standard hourly rate. If he were not representing this plaintiff in this case, the lawyer could sell the same time to someone else. That other person's willingness to pay establishes the market's valuation of the attorney's services.

*        *        *

A judge who departs from this presumptive rate must have some reason other than the ability to identify a different average rate in the community. A judge might say, for example, that the lawyers did not display the excellence, or achieve the time savings, implied by their higher rates. A judge might conclude that the plaintiff did not need top-flight counsel in a no-brainer case. But no claim along these lines has been made.

Accord, quoting Gusman, here is People Who Care, 90 F. 3d at 1313:

Once an attorney provides evidence of his billing rate, the burden is upon the defendant to present evidence establishing "a good reason why a lower rate is essential."

Here there is the best of reasons why no rate lower than the actual Winston & Strawn billing rates[5] is "essential": Any such reduction would actually defeat the salutary purposes of Rule 11, for anything less would force defendants -- the innocent victims of Philos Tech's Rule 11 violations -- to bear part of the cost thrust on them by those very violations. And Philos Tech has provided no substantive reasons why the services provided by the attorneys of Winston &

---

[5] Philos Tech's response raises the "lawyerly" argument (the adjective is not used here in a positive sense) that the declaration of Winston & Strawn attorney Moss (D. Pet. Ex. B ¶ 9) states only that the charged rates were "consistent with" rather than "identical to" those charged to other clients (T. Mem. 6). Such semantic nit-picking gives support to the public's worst opinions of the legal profession, but in any case is made irrelevant by the more detailed explanation of Winston & Strawn's billing rates in Moss's second declaration of January 17, 2014 (Dkt. 191).

- 12 -

Strawn and Schiff Hardin were deficient, pointing instead merely to a comparison with the rates charged by their own attorneys.

Winston & Strawn's attorneys also agreed to discount their usual hourly rates substantially by essentially freezing those rates at 2011 levels for both 2012 and 2013 (D. Ex. A). By Philos & D's estimates that discount produced $42,414 in savings, further bolstering the argument that the charged rates were reasonable (see D. Reply Ex. A079). Given that the rates charged by Philos & D's attorneys reflected their usual market rates and were in fact discounted, and that Philos Tech has utterly failed to provide meaningful specific objections to the appropriateness of those rates, this Court finds the hourly rates charged by Winston & Strawn and Schiff Hardin to be entirely reasonable.

Reasonableness of Hours Expended and Expenses Incurred

Of course establishing reasonable hourly rates does not end the discussion. There remains the substantially more difficult task of reviewing for reasonableness the actual hours spent and expenses incurred in pursuing this matter. Toward that end this Court has exercised its best efforts -- inherently an imperfect task in reviewing lawyers' work from the outside and in retrospect -- to determine a reasonable fee under all the circumstances. Having reviewed at some length the filings submitted by all parties, this Court finds nothing unreasonable in either the number of hours or the expenses incurred by attorneys for Philos & D. In reaching that conclusion this Court has considered carefully both general objections raised by Philos Tech and several specific complaints.

Philos Tech's first general objection relates to the sheer mass of hours accumulated by Philos & D's counsel: Philos & D reports nearly twice as many hours expended by its attorneys as by Philos Tech's. Philos Tech insinuates (but does not actually argue) that Philos & D's

lawyers could not reasonably have spent twice the number of hours on this matter as its own

(T. Mem. 8).[6]  Philos & D responds in part that two of its opponent's lawyers were employed

directly by Philos Tech and that their efforts were not fully reflected in Philos Tech's hourly

computations.  Philos Tech in turn argues that those attorneys worked on matters other than the

present case and that Philos & D therefore overstates the impact of those two in-house lawyers.

In any event Philos & D's attorneys undoubtedly dedicated more time to the case, and produced a

bill correspondingly greater, than attorneys for Philos Tech.

But the exact size of the disparity is ultimately irrelevant, and there is not a hint that the

Philos & D people were engaged in makework activity, seeking somehow to bilk their client.  As

Classic Components Supply, Inc. v. Mitsubishi Elecs. Am. Inc., 841 F. 2d 163, 165 (7th Cir.

1988) among others makes clear, "[s]hallow claims may require costly replies."  It is far easier to

make false assertions in a complaint than to disprove those assertions, so that a disparity in the

hours billed between Philos & D and Philos Tech does not render Philos & D's fees

unreasonable.  This Court, like our Court of Appeals, has "little sympathy for the litigant who

fires a big gun, and when the adversary returns fire, complains because he was only firing

blanks" (Brandt, 960 F. 2d at 648).   Notwithstanding Philos Tech's purported horror at the

mountain of hours accumulated by its opponent, it must bear the cost of its own sanctionable

conduct.

---

[6] Philos Tech insists that it "is not suggesting that defendants' fee and expense petition is
unreasonable because defendants' counsel spent far more time on this case than plaintiff's
counsel did" but rather "because it fails to explain why defendants' counsel did what they did"
(T. Mem. 8).  But that generalized grievance cannot win the day for Philos Tech, for "[i]f counsel
submit bills with the level of detail that paying clients find satisfactory, a federal court should not
require more" (In re Synthroid Mkt'g Litig., 264 F. 3d 712, 722 (7th Cir. 2001)).  And here
counsel submitted the same billing statements that a paying client would receive.

Philos Tech further argues that it should not be responsible for fees billed to Philos & D but not yet paid. In claimed support of that novel proposition Philos Tech cites an online article on the difference between accrual and cash accounting and suggests that "a receivable of this size and vintage might well be deemed uncollectible" (T. Mem. 6). Not only does Philos Tech fail to provide any legal justification for that unusual idea, but it ignores the key fact here: Whatever accounting practices Winston & Strawn ought to use, Philos & D remains legally obligated to pay its outstanding bill, and there is nothing to suggest that the bill was piled up in an effort to punish Philos Tech rather than as a legitimate effort by Philos & D's retained counsel to serve their client. If Philos & D has thus far struggled to fulfill that obligation, or has merely delayed doing so, that does not reduce the deterrent effect on future rule violators of a full fee award or the compensatory benefit to Philos & D. Had Philos & D incurred those attorneys' fees without the ability or intention to pay the bill as charged, that might undermine the presumption of reasonableness accorded to fees incurred by a paying client. But Philos Tech has provided no evidence for such a conclusion other than the slow repayment of some portion of Philos & D's debt.

Beyond those general objections, Philos Tech fails in its effort to identify individual billing entries that clearly extend beyond what is reasonable. That renders this Court's task somewhat more difficult, for "the more specific the objections to a fee application are, the more specific the findings and reasons for rejecting those objections can be" (Divane, 319 F. 3d at 317 (internal quotation marks omitted)).

Moreover, the few specific issues raised by Philos Tech have been adequately addressed by Philos & D's reply. Those alleged deficiencies include a lack of biographical information for several of Philos & D's attorneys and a lack of specificity in some billing details. Pointing to a

July 24, 2012 bill for "Expert, Consultation and Evaluation Fees," for instance, Philos Tech wishes to know for what purpose the expert was hired. And in an October 26, 2012 entry for travel fees, air courier, business meals and color copies, Philos Tech asks: "Who traveled where? What was shipped to whom, and why wouldn't regular mail have sufficed? Who ate what? When? Why? What was copied? Scanned? Why did it need to be copied in color?" Inquiring minds, it would seem, want to know.

Many of Philos Tech's complaints -- such as the lack of biographical detail and inadequate explanation for Philos & D's purpose in retaining an "expert" -- have been adequately addressed by Philos & D in its reply submission. Greater biographical detail has been offered, and Philos & D has convincingly argued that the "expert consultation" fees resulted from its need to hire an investigator to procure documents, given the lack of formal discovery before the evidentiary hearing in this case.

Other nit-picking gripes need not be addressed at all. Attorneys certainly are not required to identify "who ate what" nor "why" the food was eaten (though that latter question does seem to answer itself). And such other minutiae as identifying on a document-by-document basis how copying costs were incurred would be a waste of time for all concerned -- not the least for this Court, which has more than once had occasion to observe that the resource in shortest supply in our legal system is the judge's time.[7]

---

[7] Does Philos Tech really want Philos & D's people to go back and spend the time and effort to look into and respond to such nits -- and of course, in the familiar but wasteful generation of fees on fees, to pay for the cost of doing so? Oscar Wilde had it right in Lady Windermere's Fan:

> In this world there are only two tragedies. One is not getting what one wants, and the other is getting it.

Nonetheless Philos & D has offered up the facts that it required color copies for evidentiary hearing exhibits and that its copying charges were 8 cents per page for black and white copies and 80 cents per page for color copies. In short, Philos & D has adequately addressed all of Philos Tech's reasonable objections to individual billing entries, as well as the several unreasonable objections discussed above.

As for Philos Tech's asserted grievance that its opponent's bills generally lack sufficient detail or explanation, that too is without merit. Indeed that contention by Philos Tech ignores the wealth of billing information that Philos & D has provided -- including 67 pages of detailed billing entries (A012-A078), that adequately describe the nature of the work performed and enable a reviewer to observe the general contours of the litigation.

More importantly, Philos & D has itself evidently found that billing format acceptable, and as earlier quoted from <u>Synthroid Mkt'g</u>, 264 F. 3d at 722, "[i]f counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more." Philos Tech provides no reason to undermine that presumption of validity here, and in any case the billing records provide sufficient detail to substantiate the reasonableness of the attorneys' billing judgments.

Finally, both Schiff Hardin and Winston & Strawn wrote off significant fees in this matter. Winston & Strawn offered a reduction in its hourly rates and also wrote off hours, leading to a total reduction of fees in the amount of $152,551 (D. Reply Ex. A079). For its part, Schiff Hardin wrote off $8,598.87 (<u>id</u>.). Those exercises of billing judgment provide further support for, though of course not conclusive evidence of, the reasonableness of Philos & D's petition.

In sum, on the strength of the billing records provided and its own independent review of the hourly rates charged, expenses incurred and hours expended on this matter, this Court finds Philos & D's request for fees and expenses incurred in this District Court entirely reasonable. Philos Tech is therefore ordered to pay its opponent the full requested sum of $705,392.00.

## Cost of Delay

Philos Tech has had more success in arguing against Philos & D's computation of the cost of delay in its obtaining recapture of the fees and expenses involved. In response to Philos Tech's well-founded objection, Philos & D recalculated its proposal for an appropriate delay factor -- a recalculation that this Court's recent March 17, 2014 memorandum opinion and order found also to be based on incorrect methodology. But Philos & D's newly submitted third try has finally hit the mark. Rather than calculating the delay factor from the time of billing (as Philos & D did in its petition) or from the time retainer funds were placed into an escrow account for the benefit of its attorneys (as was done in the reply), Philos & D's final effort correctly calculates interest from the moment that funds were actually paid to its attorneys for services rendered.[8]

That correct calculation yields a delay factor of $24,440.72. Philos Tech is therefore ordered to pay that additional sum to account for the cost of money to Philos & D, a concept employed by this Court in the Rule 11 context and then upheld on appeal in Brandt, 960 F. 2d at 651-52.

---

[8] Fees incurred on appeal or in Korean proceedings are of course not included in the interest calculations, because as discussed above those fees are not properly compensable under Rule 11.

**Fees on Fees**

Philos Tech also objects to an award of "fees on fees" -- that is, fees incurred in preparing and litigating the fees petition -- based on the "confusing, underdeveloped and contradictory nature of defendants' fees petition" (T. Mem. 5). While Philos Tech overstates the extent of the petition's faults, it is certainly true that there were a number of errors identified and corrected in Philos & D's reply submission -- errors graphically (and helpfully) highlighted in the "redlined" document provided by Philos & D. Philos & D was also forced to provide significantly more information in its reply than it had included in its petition, including the earlier-mentioned biographical details and the explanation as to why it chose to retain Washington, D.C.-based counsel and to hire a private investigator.

Those deficiencies justify a reduction in the "fees-on-fees" component of the ultimate award to Philos & D, for Philos Tech need not foot the bill for Philos & D's attorneys work in correcting their own errors. Those failings, however, are mitigated somewhat by Philos Tech's apparent refusal to bring those errors to its adversary's attention despite Philos & D's attempts to identify and address objections before submitting its petition (Dkt. 191 ¶¶ 4-6).

Accordingly this Court orders Philos & D promptly to submit to Philos Tech a final accounting of the time spent in correcting the errors in its own petition, with a view toward excluding those hours from a final fees-on-fees calculation. Two points should be made in that respect:

1. To minimize any fees-on-fees-on-fees add-on, counsel for the parties are urged to try to work out that addition on an informal conference basis (both to minimize the time required and, relatedly, to avoid costlier written submissions).

- 19 -

2.	Because the remaining determination of fees on fees will involve comparatively smaller numbers, while added time delays will keep the clock ticking for delay-factor purposes, this opinion will order current payment of the amount due exclusive of fees on fees, while contemplating the issuance of a hopefully brief further opinion when the fees-on-fees determination is made.

### Effects of Events in South Korea

In a final bid to avoid bearing the costs of its own misconduct, Philos Tech calls attention to developments in South Korea to argue that "a full sanctions award may well be excessive" (T. Mem. 11).  Philos Tech acknowledges that there have been no new South Korean court decisions related to this matter since the imposition of sanctions but announces that the Parks now face criminal perjury charges in South Korea (id. at 10) -- charges that apparently stem from the same testimony that this Court previously found credible (or at least less incredible than that of its opponents).  And Philos Tech also reiterates that the South Korean courts that have heard the Parks testify apparently believe S. Ko rather than the Parks -- for the time being, in any case.[9]

None of those developments alters the appropriateness of sanctions in this case.  South Korea's courts (and its prosecutors) are of course free to weigh the credibility of the various players in this drama as they see fit.  But their judgment has no effect on this Court's own earlier

---

[9] Philos Tech argues in addition that full sanctions are inappropriate because S. Ko relied on legal advice he received from his South Korean attorney regarding contract interpretation. But the sanctions imposed in this case resulted not from improper legal conclusions but rather from S. Ko's false and misleading factual statements.  Any legal advice that S. Ko may have received could well have prompted him to tailor those false statements to fit what he was told about the applicable legal principles -- and for that and other reasons, any such claimed legal advice is irrelevant.

credibility determination -- particularly given that neither any South Korean court decision nor the perjury indictment represents final judgments on the merits. In any case, those intermediary determinations in a foreign jurisdiction do not impact this Court's earlier ruling that full sanctions are appropriate.

## Conclusion

Judgment is ordered entered in favor of Philos & D and against Philos Tech in the sum of $729,832.72. Because this Court has determined that there is no just reason for further delay, it holds that amount to be a final and enforceable judgment, and Philos D is ordered to pay it forthwith. Lastly, in accordance with other aspects of this opinion Philos & D and Philos Tech are ordered to confer promptly with a view to determining the additional obligation for "fees on fees."

Milton I. Shadur
Senior United States District Judge

Date: April 8, 2014

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| Philos Technologies, Inc. | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 08 C 7240 |
| Philos & D Inc. Et al | Judge Milton I. Shadur |

☐     Jury Verdict.  This action came before the Court for a trial by jury.  The issues have been tried and the jury rendered its verdict.

■     Decision by Court.

IT IS HEREBY ORDERED AND ADJUDGED that Judgment is ordered entered in favor of Philos & D Inc, Don-Hee Park and Jaehee Park and against Philos Technologies in the sum of $729,832.72.

Thomas G. Bruton, Clerk of Court

Date: 4/8/2014

_____
/s/ Sonya Banks, Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

Philos Technologies, Inc.

                         Plaintiff,

v.                                       Case No.: 1:08−cv−07240

                                             Honorable Milton I. Shadur

Philos & D Inc., et al.

                         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, April 30, 2014:

        MINUTE entry before the Honorable Milton I. Shadur: Enter Memorandum Order. Accordingly, this Court orders that a final judgment in defendants' favor and against plaintiff be entered in the aggregate sum of $778,489.72, with each side reserving its appellate rights in that respect. Mailed notice by judge's staff. (srb,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PHILOS TECHNOLOGIES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 7240 |
| | ) | |
| **PHILOS & D, INC.**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This Court's April 8, 2014 memorandum opinion and order concluded by (1) ordering the entry of judgment in favor of Philos & D, Inc., Don-Hee Park and Jae-Hee Park and against Philos Technologies, Inc. in the sum of $729,832.72 and (2) directing counsel for the parties to seek to reach agreement as to the appropriate amount of "fees on fees" to be added to that figure in calculating a final overall judgment figure. Counsel for the parties have complied with that last directive by reaching a stipulation that the appropriate amount of such "fees on fees" is $48,657. Accordingly this Court orders that a final judgment in defendants' favor and against plaintiff be entered in the aggregate sum of $778,489.72, with each side reserving its appellate rights in that respect.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 30, 2014

APPEAL,COLE,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-07240
## Internal Use Only

| | |
|---|---|
| Philos Technologies, Inc. v. Philos & D Inc. et al | Date Filed: 12/18/2008 |
| Assigned to: Honorable Milton I. Shadur | Date Terminated: 07/21/2009 |
| Case in other court: 10-02854 | Jury Demand: None |
|               12-03446 | Nature of Suit: 380 Personal Property: Other |
| Cause: 28:1332 Diversity-Property Damage | Jurisdiction: Diversity |

**Plaintiff**

| | | |
|---|---|---|
| **Philos Technologies, Inc.** | represented by | **David Lesht** |
| | | Law Offices of Eugene M. Cummings, P.C. |
| | | One North Wacker Drive |
| | | Suite 4130 |
| | | Chicago, IL 60606 |
| | | (312) 984-0144 |
| | | Fax: (312) 9840146 |
| | | Email: dlesht@emcpc.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Adam B Goodman** |
| | | Goodman Tovrov Hardy & Johnson LLC |
| | | 105 West Madison Street |
| | | Suite 1500 |
| | | Chicago, IL 60602 |
| | | (312) 238-9592 |
| | | Fax: (312) 264-2535 |
| | | Email: adam@thegoodmanlawoffices.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Dong-keun - Kim , -** |
| | | Philos Technologies, Inc. |
| | | 110 Carpenter Ave. |
| | | Wheeling 60090 |
| | | (608) 628-3722 |
| | | Email: dkkim@philostech.com |
| | | *TERMINATED: 04/16/2013* |
| | | |
| | | **Gabriel P. Hardy** |

Goodman Law Offices LLC
105 West Madison Street, Suite 400
Suite 1500
Chicago, IL 60602
312-752-4756
Fax: 312-264-2535
Email: gabe@thehardylawoffices.com
*ATTORNEY TO BE NOTICED*

**Jeffrey Robert Moran , Jr.**
Vanek, Vickers & Masini, P.C.
111 S. Wacker Drive
Suite 4050
Chicago, IL 60606
(312) 224-1500
Fax: (312) 224-1510
Email: jmoran@vaneklaw.com
*ATTORNEY TO BE NOTICED*

**Panasarn Aim Jirut**
Law Offices Eugene M Cummings PC
1 North Wacker
Suite 4130
Chicago, IL 60606
(312) 984-0144
Fax: (312) 984-0146
Email: ajirut@emcpc.com
*ATTORNEY TO BE NOTICED*

**Thomas A. Vickers**
Vanek, Vickers & Masini, P.C.
111 S. Wacker Drive
Suite 4050
Chicago, IL 60606
(312)224-1500
Email: tvickers@vaneklaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Philos & D Inc.**                    represented by **John W. Moss**
Winston & Strawn LLP (DC)
1700 K Street, NW
Washington, DC 20006
202-282-5687
Email: jwmoss@winston.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew M. Johnstone**
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
Email: ajohnstone@winston.com
*TERMINATED: 03/27/2013*

**Brian Joseph Nisbet**
Winston & Strawn Llp
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-3254
Email: bnisbet@winston.com
*ATTORNEY TO BE NOTICED*

**Michael David Bess**
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
Email: mbess@winston.com
*ATTORNEY TO BE NOTICED*

**Rachel L. Broyles**
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
312-322-1981
Email: rbroyles@ggulaw.com
*TERMINATED: 04/14/2011*

**Defendant**

**Don-Hee Park**                    represented by **John W. Moss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew M. Johnstone**
(See above for address)
*TERMINATED: 03/27/2013*

**Brian Joseph Nisbet**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael David Bess**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel L. Broyles**
(See above for address)
*TERMINATED: 04/14/2011*

**Defendant**

**Jaehee Park**      represented by   **John W. Moss**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew M. Johnstone**
(See above for address)
*TERMINATED: 03/27/2013*

**Brian Joseph Nisbet**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael David Bess**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rachel L. Broyles**
(See above for address)
*TERMINATED: 04/14/2011*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/18/2008 | 1 | COMPLAINT filed by Philos Technologies, Inc.; Filing fee $ 350. (kjd, ) (Entered: 12/18/2008) |
| 12/18/2008 | 2 | CIVIL Cover Sheet. (kjd, ) (Entered: 12/18/2008) |
| 12/18/2008 | 3 | ATTORNEY Appearance for Plaintiff Philos Technologies, Inc. by David Lesht. (kjd, ) (Entered: 12/18/2008) |
| 12/18/2008 | 4 | ATTORNEY Appearance for Plaintiff Philos Technologies, Inc. by Panasarn Aim Jirut. (kjd, ) (Entered: 12/18/2008) |
| 12/18/2008 | 🔒 5 | (Court only) RECEIPT regarding payment of filing fee paid on 12/18/2008 in the amount of $350.00, receipt number 3369495. (kjd, ) (Entered: 12/18/2008) |
| 12/18/2008 | 6 | SUMMONS Issued as to Defendants Philos & D Inc., Don-Hee Park, and Jaehee Park. (kjd, ) (Entered: 12/18/2008) |
| 12/30/2008 | 7 | ALIAS Summons Issued (with USM 94 Form) as to Defendants Philos & D Inc., Don-Hee Park, and Jaehee Park. (kjd, ) (Entered: 01/09/2009) |
| 02/13/2009 | 11 | RESPONSE LETTER from Jae-Hee Park and Don-Hee Park dated 1/29/09. (kjd, ) (Entered: 03/06/2009) |

| | | |
|---|---|---|
| 02/24/2009 | 8 | SUMMONS Returned Executed by Philos Technologies, Inc. as to Don-Hee Park on 1/16/2009, answer due 2/5/2009. (kjd, ) (Entered: 03/02/2009) |
| 02/24/2009 | 9 | SUMMONS Returned Executed by Philos Technologies, Inc. as to Jaehee Park on 1/16/2009, answer due 2/5/2009. (kjd, ) (Entered: 03/02/2009) |
| 02/24/2009 | 10 | SUMMONS Returned Executed by Philos Technologies, Inc. as to Philos & D Inc. on 1/30/2009, answer due 2/19/2009. (kjd, ) (Entered: 03/02/2009) |
| 03/12/2009 | 12 | MINUTE entry before the Honorable William J. Hibbler: Status hearing to set scheduling order set for 3/25/2009 at 9:30 AM. Mailed notice (jdh) (Entered: 03/12/2009) |
| 03/20/2009 | 13 | ATTORNEY Appearance for Plaintiff Philos Technologies, Inc. by Thomas A. Vickers (Vickers, Thomas) (Entered: 03/20/2009) |
| 03/20/2009 | 14 | ATTORNEY Appearance for Plaintiff Philos Technologies, Inc. by Jeffrey Robert Moran, Jr (Moran, Jeffrey) (Entered: 03/20/2009) |
| 03/23/2009 | 15 | MOTION by Plaintiff Philos Technologies, Inc. to continue *16(B) Scheduling Conference* (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Moran, Jeffrey) (Entered: 03/23/2009) |
| 03/23/2009 | 16 | NOTICE of Motion by Jeffrey Robert Moran, Jr for presentment of motion to continue 15 before Honorable William J. Hibbler on 3/26/2009 at 09:30 AM. (Moran, Jeffrey) (Entered: 03/23/2009) |
| 03/24/2009 | 17 | MINUTE entry before the Honorable William J. Hibbler: Plaintiff's Motion to continuance 15 is granted. Status hearing reset to 4/29/2009 at 9:30 AM. Mailed notice (jdh) (Entered: 03/24/2009) |
| 04/24/2009 | 18 | MOTION by Plaintiff Philos Technologies, Inc. for order *Granting Plaintiff's Proposed Scheduling and Discovery Order*, MOTION by Plaintiff Philos Technologies, Inc. to compel *Defendants to File an Answer in Conformance with Fed. R. Civ. P.8(b)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Moran, Jeffrey) (Entered: 04/24/2009) |
| 04/24/2009 | 19 | NOTICE of Motion by Jeffrey Robert Moran, Jr for presentment of motion for order,, motion to compel, 18 before Honorable William J. Hibbler on 4/29/2009 at 09:30 AM. (Moran, Jeffrey) (Entered: 04/24/2009) |
| 04/29/2009 | 20 | MINUTE entry before the Honorable William J. Hibbler: Status hearing held on 4/29/2009 and continued to 5/27/2009 at 9:30 AM. Motion hearing held on 4/29/2009 regarding motion for order,, motion to compel, 18 . Plaintiff's Combined Motion for entry of proposed scheduling and discovery order 18 is held in abeyance until the next court date. The motion for entry of an order compelling defendants to file an answer by 5/18/2009 in conformance with Fed.R.Civl P. 8(b) 18 is granted. Mailed notice (jdh) (Entered: 04/30/2009) |

| | | |
|---|---|---|
| 05/27/2009 | 21 | MINUTE entry before the Honorable William J. Hibbler: Status hearing held on 5/27/2009. Defendants do not appear. Status hearing continued to 6/30/2009 at 9:30 AM. Plaintiff to notice any motion for default by the next court date. Mailed notice (jdh) (Entered: 05/28/2009) |
| 06/25/2009 | 22 | MOTION by Plaintiff Philos Technologies, Inc. for default judgment as to *Defendant Philos & D, Inc., Defendant Don-Hee Park, and Defendant Jaehee Park* (Attachments: # 1 Exhibit A - Declaration of Bongsub Samuel Ko, # 2 Exhibit B, # 3 Text of Proposed Order) (Moran, Jeffrey) (Entered: 06/25/2009) |
| 06/25/2009 | 23 | NOTICE of Motion by Jeffrey Robert Moran, Jr for presentment of motion for default judgment, 22 before Honorable William J. Hibbler on 6/30/2009 at 09:30 AM. (Moran, Jeffrey) (Entered: 06/25/2009) |
| 06/30/2009 | 24 | MINUTE entry before the Honorable William J. Hibbler: Status hearing held. Defendants do not appear. Plaintiff's motion for entry of default and default judgment against defendants Philos & D, Inc., Don-Hee and Jaehee Park 22 is granted as stated in open court. Prove-up hearing set for 7/21/09 at 09:45 a.m. Enter Default Order. [For further detail see separate order(s).] Mailed notice. (kjd, ) (Entered: 07/06/2009) |
| 06/30/2009 | 25 | ORDER Signed by the Honorable William J. Hibbler on 6/30/2009. (kjd, ) (Entered: 07/06/2009) |
| 07/17/2009 | 26 | MOTION by Plaintiff Philos Technologies, Inc. for default judgment as to *Defendants Philos & D, Inc., Don-Hee Park, and Jaehee Park. Bench Brief filed for Prove-up Hearing July 21, 2009* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Moran, Jeffrey) (Entered: 07/17/2009) |
| 07/21/2009 | 27 | MINUTE entry before the Honorable William J. Hibbler: Prove-up hearing held. Defendants do not appear. enter Final Judgment Order in favor of plaintiff and against defendants in the amount of $1,3000,000.00 compensatory damages; $84,250.00 for plaintiff's costs incurred to prepare, install and train; $175,000.00 for costs, fees and expenses in its efforts to recover converted equipment; $1,300.000.00 punitive damages for intentional and willful conversion of plaintiff's equipment $57,082.00 for pre-judgment interest and post-judgment interest. All pending dates and motions are terminated as moot. Civil case terminated. (For further detail see separate order(s).) Mailed notice (ep, ) (Entered: 07/28/2009) |
| 07/21/2009 | 28 | FINAL Judgment Order. Signed by the Honorable William J. Hibbler on 7/21/2009. (ep, ) (Entered: 07/28/2009) |
| 07/21/2009 | 29 | ENTERED JUDGMENT. (ep, ) (Entered: 07/28/2009) |
| 08/28/2009 | 30 | MINUTE entry before the Honorable William J. Hibbler: The third sentence of the minute order of 7/21/2009 is amended as follows: Enter Final Judgment Order in favor of plaintiff and against defendants in the |

| | | |
|---|---|---|
| | | amount of $1,300,000.00 compensatory damages. The balance of the minute order to stand. Mailed notice. (kjd, ) (Entered: 08/31/2009) |
| 08/28/2009 | 31 | ENTERED AMENDED JUDGMENT.(kjd, ) (Entered: 08/31/2009) |
| 06/14/2010 | 32 | ATTORNEY Appearance for Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. by Andrew M. Johnstone (Johnstone, Andrew) (Entered: 06/14/2010) |
| 06/14/2010 | 33 | MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to vacate *THE DEFAULT JUDGMENT*, MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to dismiss for lack of jurisdiction (Johnstone, Andrew) (Entered: 06/14/2010) |
| 06/14/2010 | 34 | MEMORANDUM by Don-Hee Park, Jaehee Park, Philos & D Inc. in support of motion to vacate, motion to dismiss/lack of jurisdiction 33 (Attachments: # 1 Exhibit A, # 2 Exhibit B-C)(Johnstone, Andrew) (Entered: 06/14/2010) |
| 06/14/2010 | 35 | NOTICE of Motion by Andrew M. Johnstone for presentment of motion to vacate, motion to dismiss/lack of jurisdiction 33 before Honorable William J. Hibbler on 6/17/2010 at 09:30 AM. (Johnstone, Andrew) (Entered: 06/14/2010) |
| 06/14/2010 | 36 | ATTORNEY Appearance for Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. by John W. Moss (Moss, John) (Entered: 06/14/2010) |
| 06/17/2010 | 37 | ATTORNEY Appearance for Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. by Rachel L. Broyles (Broyles, Rachel) (Entered: 06/17/2010) |
| 06/17/2010 | 38 | MINUTE entry before Honorable William J. Hibbler: Motion hearing held on 6/17/2010 regarding motion to vacate, motion to dismiss/lack of jurisdiction 33 . Defendants Jaehee Park, Philos & D Inc., Don-Hee Park's motion to vacate THE DEFAULT JUDGMENT, motion to dismiss for lack of jurisdiction 33 is taken under advisement. Plaintiff to respond by 7/2/2010. Defendants to reply by 7/12/2010. Oral argument/ruling before Honorable William J. Hibbler on 7/22/2010 at 10:30 AM. Mailed notice (jdh) (Entered: 06/17/2010) |
| 07/02/2010 | 39 | RESPONSE by Philos Technologies, Inc.in Opposition to MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to vacate *THE DEFAULT JUDGMENT*MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to dismiss for lack of jurisdiction 33 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 (Part 1 of 11), # 3 Exhibit 2 (Part 2 of 11), # 4 Exhibit 2 (Part 3 of 11), # 5 Exhibit 2 (Part 4 of 11), # 6 Exhibit 2 (Part 5 of 11), # 7 Exhibit 2 (Part 6 of 11), # 8 Exhibit 2 (Part 7 of 11), # 9 Exhibit 2 (Part 8 of 11), # 10 Exhibit 2 (Part 9 of 11), # 11 Exhibit 2 (Part 10 of 11), # 12 Exhibit 2 (Part 11 of 11))(Moran, Jeffrey) (Entered: 07/02/2010) |
| 07/12/2010 | 40 | MOTION by Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. for extension of time to file response/reply as to response in opposition |

| | | |
|---|---|---|
| | | to motion,, [39](#) *(Unopposed)* (Johnstone, Andrew) (Entered: 07/12/2010) |
| 07/12/2010 | 41 | NOTICE of Motion by Andrew M. Johnstone for presentment of motion for extension of time to file response/reply, motion for relief [40](#) before Honorable William J. Hibbler on 7/20/2010 at 09:30 AM. (Johnstone, Andrew) (Entered: 07/12/2010) |
| 07/13/2010 | 42 | REPLY by Don-Hee Park, Jaehee Park, Philos & D Inc. to response in opposition to motion,, [39](#) (Attachments: # [1](#) Declaration A. Kim) (Johnstone, Andrew) (Entered: 07/13/2010) |
| 07/19/2010 | 43 | MINUTE entry before Honorable William J. Hibbler: Defendants' Unopposed Motion for extension of time until 7/13/2010 to file reply regarding MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to vacate *THE DEFAULT JUDGMENT* MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to dismiss for lack of jurisdiction [33](#) [40](#) is granted. Mailed notice (jdh) (Entered: 07/19/2010) |
| 07/22/2010 | 44 | MINUTE entry before Honorable William J. Hibbler: Motion hearing held on 7/22/2010 regarding motion to vacate, motion to dismiss/lack of jurisdiction [33](#) . Defendants' Motion to vacate the default judgment and to dismiss the complaint for lack of personal jurisdiction [33](#) is denied for the reasons stated in open court. Mailed notice (jdh) (Entered: 07/27/2010) |
| 08/09/2010 | 45 | NOTICE of appeal by Don-Hee Park, Jaehee Park, Philos & D Inc. regarding orders [44](#) Filing fee $ 455, receipt number 0752-5096040. (Johnstone, Andrew) (Entered: 08/09/2010) |
| 08/09/2010 | 46 | NOTICE of Appeal Due letter sent to counsel of record. (gej, ) (Entered: 08/09/2010) |
| 08/09/2010 | 47 | TRANSMITTED to the 7th Circuit the short record on notice of appeal [45](#) . Notified counsel (gej, ) (Entered: 08/09/2010) |
| 08/09/2010 | 48 | ACKNOWLEDGEMENT of receipt of short record on appeal regarding notice of appeal [45](#) ; USCA Case No. 10-2854. (kjd, ) (Entered: 08/10/2010) |
| 08/10/2010 | 49 | TRANSCRIPT OF PROCEEDINGS held on 07/21/09 before the Honorable William J. Hibbler. Court Reporter Contact Information: Patrick Mullen, (312) 435-5565, patrick_mullen@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 8/31/2010. Redacted Transcript Deadline set for |

| | | | |
|---|---|---|---|
| | | | 9/10/2010. Release of Transcript Restriction set for 11/8/2010. (Mullen, Patrick) (Entered: 08/10/2010) |
| 08/12/2010 | | 50 | TRANSCRIPT OF PROCEEDINGS held on 4/29/2009 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 9/2/2010. Redacted Transcript Deadline set for 9/13/2010. Release of Transcript Restriction set for 11/10/2010. (Roth, Alexandra) (Entered: 08/12/2010) |
| 08/12/2010 | | 51 | TRANSCRIPT OF PROCEEDINGS held on 5/27/2009 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 9/2/2010. Redacted Transcript Deadline set for 9/13/2010. Release of Transcript Restriction set for 11/10/2010. (Roth, Alexandra) (Entered: 08/12/2010) |
| 08/12/2010 | | 52 | TRANSCRIPT OF PROCEEDINGS held on 6/30/2009 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 9/2/2010. Redacted Transcript Deadline set for |

| | | | |
|---|---|---|---|
| | | | 9/13/2010. Release of Transcript Restriction set for 11/10/2010. (Roth, Alexandra) (Entered: 08/12/2010) |
| 08/12/2010 | | 53 | TRANSCRIPT OF PROCEEDINGS held on 6/17/2010 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 9/2/2010. Redacted Transcript Deadline set for 9/13/2010. Release of Transcript Restriction set for 11/10/2010. (Roth, Alexandra) (Entered: 08/12/2010) |
| 08/12/2010 | | 54 | TRANSCRIPT OF PROCEEDINGS held on 7/22/2010 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 9/2/2010. Redacted Transcript Deadline set for 9/13/2010. Release of Transcript Restriction set for 11/10/2010. (Roth, Alexandra) (Entered: 08/12/2010) |
| 08/13/2010 | | 55 | SEVENTH CIRCUIT transcript information sheet by defendants. (kjd, ) (Entered: 08/17/2010) |
| 08/25/2010 | | 56 | TRANSMITTED to the USCA for the 7th Circuit the long record on appeal 45 (USCA no. 10-2854). (gej, ) (Entered: 08/25/2010) |
| 08/25/2010 | | 57 | MOTION by Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. to stay *Judgment Pending Appeal* (Attachments: # 1 Exhibit 1-2) (Johnstone, Andrew) (Entered: 08/25/2010) |
| 08/25/2010 | | 58 | MEMORANDUM by Don-Hee Park, Jaehee Park, Philos & D Inc. in support of motion to stay 57 (Attachments: # 1 Exhibit 1-2)(Johnstone, Andrew) (Entered: 08/25/2010) |
| 08/25/2010 | | 59 | NOTICE of Motion by Andrew M. Johnstone for presentment of |

| | | |
|---|---|---|
| | | motion to stay 57 before Honorable William J. Hibbler on 8/31/2010 at 09:30 AM. (Johnstone, Andrew) (Entered: 08/25/2010) |
| 08/25/2010 | 60 | USCA RECEIVED on 8/25/2010 the long record regarding notice of appeal 45 . (gej, ) (Entered: 08/26/2010) |
| 08/26/2010 | 61 | ATTORNEY Appearance for Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. by Michael David Bess (Bess, Michael) (Entered: 08/26/2010) |
| 08/31/2010 | 62 | MINUTE entry before Honorable William J. Hibbler: Motion hearing held. Defendants' motion to stay *Judgment Pending Appeal* 57 is denied.Advised in open court (jms, ) (Entered: 08/31/2010) |
| 10/04/2010 | 63 | TRANSCRIPT OF PROCEEDINGS held on 08/31/2010 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/25/2010. Redacted Transcript Deadline set for 11/4/2010. Release of Transcript Restriction set for 1/3/2011. (Roth, Alexandra) (Entered: 10/04/2010) |
| 10/07/2010 | 64 | TRANSMITTED to the USCA for the 7th Circuit supplemental record on appeal 45 (USCA no. 10-2854) consisting of one volume of transcripts. (kjd, ) (Entered: 10/07/2010) |
| 10/19/2010 | 65 | TRANSCRIPT OF PROCEEDINGS held on 7/22/2010 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/9/2010. Redacted Transcript Deadline set for 11/19/2010. Release of Transcript Restriction set for 1/17/2011. (Roth, Alexandra) (Entered: 10/19/2010) |

| 10/19/2010 | 66 | TRANSCRIPT OF PROCEEDINGS held on 4/29/2009 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 11/9/2010. Redacted Transcript Deadline set for 11/19/2010. Release of Transcript Restriction set for 1/17/2011. (Roth, Alexandra) (Entered: 10/19/2010) |
|---|---|---|
| 10/19/2010 | 67 | TRANSCRIPT OF PROCEEDINGS held on 5/27/2009 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 11/9/2010. Redacted Transcript Deadline set for 11/19/2010. Release of Transcript Restriction set for 1/17/2011. (Roth, Alexandra) (Entered: 10/19/2010) |
| 10/19/2010 | 68 | TRANSCRIPT OF PROCEEDINGS held on 6/30/2009 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 11/9/2010. Redacted Transcript Deadline set for 11/19/2010. Release of Transcript Restriction set for 1/17/2011. (Roth, Alexandra) (Entered: 10/19/2010) |

| | | | |
|---|---|---|---|
| 10/19/2010 | | 69 | TRANSCRIPT OF PROCEEDINGS held on 6/17/2010 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 11/9/2010. Redacted Transcript Deadline set for 11/19/2010. Release of Transcript Restriction set for 1/17/2011. (Roth, Alexandra) (Entered: 10/19/2010) |
| 10/19/2010 | | 70 | TRANSCRIPT OF PROCEEDINGS held on 8/31/2010 before the Honorable William J. Hibbler. Court Reporter Contact Information: ALEXANDRA ROTH, (312) 408-5038, alexandra_roth@ilnd.uscourts.gov. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 11/9/2010. Redacted Transcript Deadline set for 11/19/2010. Release of Transcript Restriction set for 1/17/2011. (Roth, Alexandra) (Entered: 10/19/2010) |
| 04/14/2011 | | 71 | MOTION by counsel for Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. to withdraw as attorney *Rachel L. Broyles* (Broyles, Rachel) (Entered: 04/14/2011) |
| 04/14/2011 | | 72 | NOTICE of Motion by Rachel L. Broyles for presentment of motion to withdraw as attorney 71 before Honorable William J. Hibbler on 4/19/2011 at 09:30 AM. (Broyles, Rachel) (Entered: 04/14/2011) |
| 04/14/2011 | | 73 | MINUTE entry before Honorable William J. Hibbler:Motion to withdraw the appearance of Rachel L. Broyles as counsel for defendants 71 is granted. No appearance is required on 4/19/2011.Mailed notice (lp, ) (Entered: 04/15/2011) |
| 07/07/2011 | | 74 | LETTER from the Seventh Circuit regarding the record on appeal in USCA no. 10-2854 ; No record to be returned. (nf, ) (Entered: 07/08/2011) |
| 07/07/2011 | | 75 | OPINION from the USCA for the Seventh Circuit; Argued 4/7/2011; |

| | | |
|---|---|---|
| | | Decided 6/15/2011 in USCA case no. 10-2854. (nf, ) (Entered: 07/08/2011) |
| 07/07/2011 | 76 | MANDATE of USCA dated 6/15/2011 regarding notice of appeal 45 ; USCA No. 10-2854. The denial of the defendants' Rule 60(b)(4) motion is REVERSED, with costs, and the case is REMANDED for full consideration of that motion on its merits. The above is in accordance with the decision of this court entered on this date. (nf, ) (Entered: 07/08/2011) |
| 10/04/2011 | 77 | MINUTE entry before Honorable William J. Hibbler: Status hearing set for 10/20/2011 at 9:30 AM. Mailed notice (jdh) (Entered: 10/04/2011) |
| 10/20/2011 | 78 | MINUTE entry before Honorable William J. Hibbler: Status hearing held on 10/20/2011. Defendants supplemental motion with supporting memoranda due by 10/31/2011. Plaintiff to respond by 11/28/2011. Defendants to reply by 12/12/2011. Ruling by mail. Mailed notice (jdh) (Entered: 10/20/2011) |
| 10/31/2011 | 79 | MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to vacate *the Default Judgment*, MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to dismiss for lack of jurisdiction (Moss, John) (Entered: 10/31/2011) |
| 10/31/2011 | 80 | MEMORANDUM by Don-Hee Park, Jaehee Park, Philos & D Inc. in support of motion to vacate, motion to dismiss/lack of jurisdiction 79 (Attachments: # 1 Exhibit A, part 1, # 2 Exhibit A, part 2, # 3 Exhibit B, # 4 Exhibit C)(Moss, John) (Entered: 10/31/2011) |
| 11/28/2011 | 81 | RESPONSE by Philos Technologies, Inc.in Opposition to MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to vacate *the Default Judgment*MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to dismiss for lack of jurisdiction 79 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2 (Part 1 of 5), # 3 Exhibit 2 (Part 2 of 5), # 4 Exhibit 2 (Part 3 of 5), # 5 Exhibit 2 (Part 4 of 5), # 6 Exhibit 2 (Part 5 of 5))(Moran, Jeffrey) (Entered: 11/28/2011) |
| 12/09/2011 | 82 | MOTION by Plaintiff Philos Technologies, Inc. to set a briefing schedule , *Agreed Motion to Modify Briefing Schedule* (Moran, Jeffrey) (Entered: 12/09/2011) |
| 12/09/2011 | 83 | NOTICE of Motion by Jeffrey Robert Moran, Jr for presentment of motion by filer to set a briefing schedule 82 before Honorable William J. Hibbler on 12/14/2011 at 09:30 AM. (Moran, Jeffrey) (Entered: 12/09/2011) |
| 12/13/2011 | 84 | MINUTE entry before Honorable William J. Hibbler: Plaintiff's Agreed Motion to modify the briefing schedule for defendants' renewed motion to vacate the default judgment and to dismiss the complaint 82 is granted. Plaintiff to supplement its previously filed response by 12/16/2011. Defendants to reply by 12/23/2011. Ruling by mail. Mailed notice (jdh) (Entered: 12/13/2011) |
| | | |

| 12/16/2011 | 85 | RESPONSE by Philos Technologies, Inc.in Opposition to MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to vacate *the Default Judgment*MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to dismiss for lack of jurisdiction [79](#) *Plaintiff's Supplemental Response* (Attachments: # [1](#) Exhibit 3)(Moran, Jeffrey) (Entered: 12/16/2011) |
| 12/23/2011 | 86 | REPLY by Don-Hee Park, Jaehee Park, Philos & D Inc. to response in opposition to motion, [85](#) , response in opposition to motion, [81](#) (Attachments: # [1](#) Declaration Jae-Hee Park, # [2](#) Declaration Sunghyun Nam, # [3](#) Declaration Albert Kim)(Johnstone, Andrew) (Entered: 12/23/2011) |
| 12/28/2011 | 87 | MOTION by Plaintiff Philos Technologies, Inc. for leave to file *a Sur-Repy* (Bjork, John) (Entered: 12/28/2011) |
| 12/28/2011 | 88 | *Plaintiff's* NOTICE of Motion by John Paul Bjork for presentment of motion for leave to file [87](#) before Honorable William J. Hibbler on 1/10/2012 at 09:30 AM. (Bjork, John) (Entered: 12/28/2011) |
| 01/09/2012 | 89 | MINUTE entry before Honorable William J. Hibbler: Hearing on plaintiff's Motion for leave to file surreply in support of its renewed motion to vacate the default judgment and dismiss plaintiff's complaint [87](#) is continued to 1/18/2012 at 9:30 AM. Mailed notice (jdh) (Entered: 01/09/2012) |
| 01/12/2012 | 90 | MOTION by Plaintiff Philos Technologies, Inc. for leave to file *its Sur-Reply Instanter in Response to New Evidence and Argument Asserted in Defendants' Reply to Their Renewed Motion to Vacate the Default Judgment* (Attachments: # [1](#) Exhibit AA)(Moran, Jeffrey) (Entered: 01/12/2012) |
| 01/12/2012 | 91 | NOTICE of Motion by Jeffrey Robert Moran, Jr for presentment of motion for leave to file, [90](#) before Honorable William J. Hibbler on 1/18/2012 at 09:30 AM. (Moran, Jeffrey) (Entered: 01/12/2012) |
| 01/17/2012 | 92 | MINUTE entry before Honorable William J. Hibbler: The Court denies Plaintiff's Motion for leave to file its sur-reply [87](#) and Motion to file sur-reply instanter [90](#) . The Court will consider only properly raised arguments and evidence in ruling on the Motion to vacate. Mailed notice (jdh) (Entered: 01/17/2012) |
| 01/17/2012 | 93 | RESPONSE by Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. *in Opposition to Plaintiffs' Motion for Leave to File its Sur-reply* [87](#) (Attachments: # [1](#) Exhibit A)(Moss, John) (Entered: 01/17/2012) |
| 02/24/2012 | 94 | SUPPLEMENT to response in opposition to motion, [85](#) *Plaintiff's Motion for Leave to Supplement the Record Instanter in Connection with Defendants' Renewed Motion to Vacate* [79](#) (Attachments: # [1](#) Exhibit 1)(Moran, Jeffrey) (Entered: 02/24/2012) |
| 02/28/2012 | 95 | NOTICE of Motion by Jeffrey Robert Moran, Jr for presentment of motion for miscellaneous relief [94](#) before Honorable William J. Hibbler |

| | | on 3/15/2012 at 09:30 AM. (Moran, Jeffrey) (Entered: 02/28/2012) |
|---|---|---|
| 03/15/2012 | 97 | MINUTE entry before Honorable John W. Darrah: Motion hearing held on 3/15/2012 regarding motion for miscellaneous relief 94 . Plaintiff's Motion for leave to supplement the record instanter in connection with defendants' renewed motion to vacate the default judgment, not to exceed 2 pages, 94 is granted. Defendants are given leave to file a 2 pages response to plaintiff's supplemental authority. Ruling on the motion to vacate by mail. In court notice (jdh) (Entered: 04/06/2012) |
| 03/26/2012 | 96 | RESPONSE by Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. to motion for miscellaneous relief 94 *Plaintiff's Supplemental Authority* (Moss, John) (Entered: 03/26/2012) |
| 04/18/2012 | 98 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Milton I. Shadur for all further proceedings. Signed by the Executive Committee on 4/18/2012.(nf, ) (Entered: 04/20/2012) |
| 05/22/2012 | 99 | MINUTE entry before Honorable Milton I. Shadur:Enter Memorandum Opinion and Order. An evidentiary hearing is necessary to decide whether this District Court may exercise personal jurisdiction over the defendants. Each party must present evidence that show which company - - Philos Tech of PLS - - negotiated the sale of the machine manufactured the machine, and shipped the machine to Philos & D. If it is possible and reasonable to do so, the parties might consider arranging for Nam to testify in person so that this Court my judge his credibility. Within two weeks of the date of this order, each party should submit a list of possible dates for the hearing. Mailed notice (srn, ) (Entered: 05/23/2012) |
| 05/22/2012 | 100 | MEMORANDUM Opinion and Order Signed by the Honorable Milton I. Shadur on 5/22/2012:Mailed notice(srn, ) (Entered: 05/23/2012) |
| 06/04/2012 | 101 | Letter to Judge Shadur by Philos Technologies, Inc. (Vickers, Thomas) (Entered: 06/04/2012) |
| 06/05/2012 | 102 | Letter by Don-Hee Park, Jaehee Park, Philos & D Inc. (Bess, Michael) (Entered: 06/05/2012) |
| 06/15/2012 | 103 | MINUTE entry before Honorable Milton I. Shadur: Evidentiary Hearing set for 9/19/2012 at 09:30 AM.Mailed notice (srn, ) (Entered: 06/15/2012) |
| 08/15/2012 | 104 | MINUTE entry before Honorable Milton I. Shadur:Enter Memorandum. If this Court is expected to retain the case for decision, the parties must make arrangements for the evidentiary hearing (perhaps including videotaped depositions if necessary) to be conducted not later than the first week in September. This Court awaits a prompt response from the litigants. Mailed notice (srn, ) (Entered: 08/15/2012) |
| 08/15/2012 | 105 | MEMORANDUM Signed by the Honorable Milton I. Shadur on 8/15/2012:Mailed notice(srn, ) (Entered: 08/15/2012) |
| 08/16/2012 | 106 | MINUTE entry before Honorable Milton I. Shadur: Evidentiary |

| | | |
|---|---|---|
| | | Hearing reset for 9/5/2012 at 09:30 AM.Mailed notice (srn, ) (Entered: 08/16/2012) |
| 08/29/2012 | 107 | ATTORNEY Appearance for Plaintiff Philos Technologies, Inc. by Dong-keun - Kim (Kim, Dong-keun) (Entered: 08/29/2012) |
| 08/29/2012 | 108 | ATTORNEY Appearance for Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. by Brian Joseph Nisbet (Nisbet, Brian) (Entered: 08/29/2012) |
| 09/05/2012 | 109 | MINUTE entry before Honorable Milton I. Shadur:Evidentiary hearing held on 9/5/2012. Evidentiary Hearing continued to 9/6/2012 at 09:30 AM.Mailed notice (srn, ) (Entered: 09/11/2012) |
| 09/06/2012 | 110 | MINUTE entry before Honorable Milton I. Shadur:Evidentiary hearing held on 9/6/2012. Simultaneous briefs are to be filed on or before 9/14/12. Mailed notice (srn, ) (Entered: 09/11/2012) |
| 09/14/2012 | 111 | Plaintiff's Proposed Findings of Fact and Conclusions of Law by Philos Technologies, Inc. (Vickers, Thomas) (Entered: 09/14/2012) |
| 09/14/2012 | 112 | STATEMENT by Defendants Don-Hee Park, Jaehee Park, Philos & D Inc.in Support of MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to vacate *the Default Judgment*MOTION by Defendants Jaehee Park, Philos & D Inc., Don-Hee Park to dismiss for lack of jurisdiction 79 (Attachments: # 1 Index of Exhibits, # 2 A, # 3 B, # 4 C, # 5 D, # 6 E, # 7 F, # 8 G, # 9 H, # 10 I, # 11 J, # 12 K, # 13 L, # 14 M, # 15 N, # 16 O, # 17 P (Part 1), # 18 P (Part 2), # 19 P (Part 3), # 20 Q, # 21 R, # 22 S)(Moss, John) (Entered: 09/14/2012) |
| 09/25/2012 | 113 | MINUTE entry before Honorable Milton I. Shadur: Enter Findings of Fact and Conclusions of Law. For the reasons stated in the foregoing Findings and Conclusions, the default judgment in this action was entered without the existence of personal jurisdiction over any of the defendants. Their Motions to vacate the judgment and to dismiss for lack of such jurisdiction 79 is granted. Mailed notice (srn, ) (Entered: 09/25/2012) |
| 09/25/2012 | 114 | FINDINGS of Fact and Conclusions of Law Signed by the Honorable Milton I. Shadur on 9/25/2012:Mailed notice(srn, ) (Entered: 09/25/2012) |
| 09/25/2012 | 115 | MINUTE entry before Honorable Milton I. Shadur:Enter Corrected Findings of Fact and Conclusions of Law. (Original had a typewritten error)Mailed notice (srn, ) (Entered: 10/02/2012) |
| 09/25/2012 | 116 | FINDINGS of Fact and Conclusions of Law Signed by the Honorable Milton I. Shadur on 9/25/2012:Mailed notice(srn, ) (Entered: 10/02/2012) |
| 10/23/2012 | 117 | TRANSCRIPT OF PROCEEDINGS held on 09/05/2012 before the Honorable Milton I. Shadur. Court Reporter Contact Information: Rosemary Scarpelli, (312)435-5815, Rosemary_Scarpelli@ilnd.uscourts.gov. |

| | | |
|---|---|---|
| | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/13/2012. Redacted Transcript Deadline set for 11/23/2012. Release of Transcript Restriction set for 1/21/2013. (Scarpelli, Rosemary) (Entered: 10/23/2012) |
| 10/23/2012 | 118 | TRANSCRIPT OF PROCEEDINGS held on 09/06/2012 before the Honorable Milton I. Shadur. Court Reporter Contact Information: Rosemary Scarpelli, (312)435-5815, Rosemary_Scarpelli@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/13/2012. Redacted Transcript Deadline set for 11/23/2012. Release of Transcript Restriction set for 1/21/2013. (Scarpelli, Rosemary) (Entered: 10/23/2012) |
| 10/24/2012 | 119 | NOTICE of appeal by Philos Technologies, Inc. regarding orders 116 Filing fee $ 455, receipt number 0752-7686554. (Vickers, Thomas) (Entered: 10/24/2012) |
| 10/24/2012 | 120 | DOCKETING Statement by Philos Technologies, Inc. regarding notice of appeal 119 (Vickers, Thomas) (Entered: 10/24/2012) |
| 10/25/2012 | 121 | NOTICE of Appeal Due letter sent to counsel of record. (smm) (Entered: 10/25/2012) |
| 10/25/2012 | 122 | TRANSMITTED to the 7th Circuit the short record on notice of appeal 119 . Notified counsel (smm) (Entered: 10/25/2012) |
| 10/25/2012 | 123 | BILL of Costs (Moss, John) (Entered: 10/25/2012) |
| 10/25/2012 | 124 | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 119 ; USCA Case No. 12-3446. (lw, ) (Entered: 10/26/2012) |
| 10/30/2012 | 125 | OBJECTIONS by Philos Technologies, Inc. to bill of costs 123 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Vickers, Thomas) (Entered: 10/30/2012) |
| 10/31/2012 | 126 | MINUTE entry before Honorable Milton I. Shadur:Defendants' |

| | | |
|---|---|---|
| | | response to plaintiff's objections to the bill of costs is to be filed on or before 11/9/12. Unless there is some need for retention of this Court's chambers file, it will be discarded after 11/9/12. Mailed notice (srn, ) (Entered: 10/31/2012) |
| 11/02/2012 | 127 | MOTION by Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. for sanctions (Moss, John) (Entered: 11/02/2012) |
| 11/02/2012 | 128 | MOTION by Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. for leave to file excess pages *(Instanter)* (Attachments: # 1 Memorandum in Support of Defendants' Motion for Sanctions, # 2 Exhibit 1-7 to Memorandum in Support of Defendants' Motion for Sanctions)(Moss, John) (Entered: 11/02/2012) |
| 11/02/2012 | 129 | NOTICE of Motion by John W. Moss for presentment of motion for sanctions 127 before Honorable Milton I. Shadur on 11/8/2012 at 09:15 AM. (Moss, John) (Entered: 11/02/2012) |
| 11/02/2012 | 130 | NOTICE of Motion by John W. Moss for presentment of motion for leave to file excess pages, 128 before Honorable Milton I. Shadur on 11/8/2012 at 09:15 AM. (Moss, John) (Entered: 11/02/2012) |
| 11/07/2012 | 131 | EXHIBIT by Plaintiff Philos Technologies, Inc. *to Plaintiff's Proposed Findings of Facts and Conclusions of Law* regarding other 111 (Attachments: # 1 Exhibit PX4, # 2 Exhibit PX5 (1 of 3), # 3 Exhibit PX5 (2 of 3), # 4 Exhibit PX5 (3 of 3), # 5 Exhibit PX6 (1 of 2), # 6 Exhibit PX6 (2 of 2), # 7 Exhibit PX8, # 8 Exhibit PX13, # 9 Exhibit PX20, # 10 Exhibit PX21, # 11 Exhibit PX22, # 12 Exhibit PX22-C, # 13 Exhibit PX22-D, # 14 Exhibit PX22-E, # 15 Exhibit PX22-F, # 16 Exhibit PX22-G, # 17 Exhibit PX22-H, # 18 Exhibit PX22-I, # 19 Exhibit PX22-L, # 20 Exhibit PX22-M, # 21 Exhibit PX24, # 22 Exhibit DX10, # 23 Exhibit DX20)(Moran, Jeffrey) (Entered: 11/07/2012) |
| 11/07/2012 | 132 | EXHIBIT by Plaintiff Philos Technologies, Inc. *to Transcript of Proceedings* regarding transcript,,, 117 (Attachments: # 1 Exhibit Nam Gwangju Testimony)(Moran, Jeffrey) (Entered: 11/07/2012) |
| 11/08/2012 | 133 | MINUTE entry before Honorable Milton I. Shadur:Defendants' Motion for leave to file excess pages 128 is granted. Motion hearing held on 11/8/2012. Response to defendants' motion for sanctions 127 is due by 12/7/2012. Plaintiff is granted leave to file in excess of 15 pages. Status hearing set for 12/11/2012 at 08:45 AM.Mailed notice (srn, ) (Entered: 11/08/2012) |
| 11/08/2012 | 134 | MEMORANDUM by Philos & D, Inc., Don-Hee Park, and Jaehee Park in Support of Defendants' Motion for Sanctions. (Attachments: # 1 Exhibits Part 1, # 2 Exhibits Part 2)(lw, ) (Entered: 11/09/2012) |
| 11/09/2012 | 135 | REPLY by Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. to objections 125 (Attachments: # 1 Exhibit 1-5)(Moss, John) (Entered: 11/09/2012) |
| | | |

| | | |
|---|---|---|
| 11/12/2012 | 136 | BILL of Costs (Updated) (Moss, John) (Entered: 11/12/2012) |
| 11/13/2012 | 137 | MINUTE entry before Honorable Milton I. Shadur. Enter Agreed Order on Defendant's Bill of Costs. Based on the agreement of the parties, Defendant's motion for taxation of costs is Granted in the aggregate sum of $8,061.37. [For further detail see minute order.] Mailed notice (lw, ). (Entered: 11/14/2012) |
| 11/13/2012 | 138 | AGREED ORDER on Defendants' Bill of Costs. Signed by the Honorable Milton I. Shadur on 11/13/2012. (lw, ) (Entered: 11/14/2012) |
| 11/13/2012 | 162 | BILL of Costs (nf, ) (Entered: 03/07/2013) |
| 11/14/2012 | 139 | TRANSMITTED to the USCA for the 7th Circuit the long record on appeal 119 (USCA no. 12-3446).(smm) (Entered: 11/14/2012) |
| 11/14/2012 | 140 | USCA RECEIVED on 11/14/12 the long record regarding notice of appeal 119 . (smm) (Entered: 11/16/2012) |
| 11/19/2012 | 141 | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 119 ; USCA Case No. 12-3446. (lw, ) (Entered: 11/20/2012) |
| 11/19/2012 | 142 | USCA RECEIVED on 11/14/2012 the record regarding notice of appeal 119 consisting of ten volumes of electronic pleadings and fifteen volumes of electronic transcripts. (lw, ) (Entered: 11/20/2012) |
| 12/07/2012 | 143 | MEMORANDUM by Philos Technologies, Inc. in Opposition to motion for sanctions 127 (Attachments: # 1 Exhibit 1 - Affidavit of Panasarm Aim Jirut, # 2 Exhibit 2 - Affidavit of David Lesht, # 3 Exhibit 3 - Affidavit of B Samuel Ko, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14) (Vickers, Thomas) (Entered: 12/07/2012) |
| 12/10/2012 | 144 | Table of Contents and Table of Authorities by Philos Technologies, Inc. regarding entry 143 (Vickers, Thomas) Docket Text Modified by Clerk's Office on 12/10/2012) (np, ). (Entered: 12/10/2012) |
| 12/11/2012 | 145 | MINUTE entry before Honorable Milton I. Shadur:Status hearing held on 12/11/2012. Plaintiff's supplement is to be filed on or before 1/10/13. Status hearing set for 1/15/2013 at 09:15 AM.Mailed notice (srn, ) (Entered: 12/11/2012) |
| 01/10/2013 | 146 | MEMORANDUM by Philos Technologies, Inc. in Opposition to motion for sanctions 127 (Attachments: # 1 Exhibit 1, # 2 Exhibit 1A, # 3 Exhibit 1B, # 4 Exhibit 1C, # 5 Exhibit 1D, # 6 Exhibit 1E, # 7 Exhibit 1F, # 8 Exhibit 1G, # 9 Exhibit 1H, # 10 Exhibit 1I, # 11 Exhibit 1J, # 12 Exhibit 1K, # 13 Exhibit 1L, # 14 Exhibit 1M, # 15 Exhibit 2, # 16 Exhibit 3, # 17 Exhibit 4, # 18 Exhibit 5 ({1 of 3), # 19 Exhibit 5 (2 of 3), # 20 Exhibit 5 (3 of 3), # 21 Exhibit 6, # 22 Exhibit 7, # 23 Exhibit 8, # 24 Exhibit 9 (1 of 2), # 25 Exhibit 9 (2 of 2), # 26 Exhibit 10, # 27 Exhibit 11, # 28 Exhibit 12, # 29 Exhibit 13, # 30 |

| | | |
|---|---|---|
| | | Exhibit 14)(Vickers, Thomas) (Entered: 01/10/2013) |
| 01/15/2013 | 147 | MINUTE entry before Honorable Milton I. Shadur: Status hearing held on 1/15/2013 and continued to 2/12/2013 at 8:45 A.M. Attorney John W. Moss is granted leave to participate in the status hearing by telephone. Mailed notice by judge's staff. (srb,) (Entered: 01/15/2013) |
| 01/16/2013 | 148 | TRANSCRIPT OF PROCEEDINGS held on 12/11/2012 before the Honorable Milton I. Shadur. Court Reporter Contact Information: Rosemary_Scarpelli@ilnd.uscourts.gov, (312)435-5815, Rosemary Scarpelli. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 2/6/2013. Redacted Transcript Deadline set for 2/18/2013. Release of Transcript Restriction set for 4/16/2013. (Scarpelli, Rosemary) (Entered: 01/16/2013) |
| 02/05/2013 | 149 | REPLY by Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. *in Support of Defendants' Motion for Sanctions* (Attachments: # 1 Exhibit Exhibits 8-11)(Moss, John) (Entered: 02/05/2013) |
| 02/12/2013 | 152 | MINUTE entry before Honorable Milton I. Shadur: Status hearing held on 2/12/2013 Mailed notice by judge's staff. (srb,) (Entered: 02/14/2013) |
| 02/13/2013 | 150 | TRANSCRIPT OF PROCEEDINGS held on 01/15/2013 before the Honorable Milton I. Shadur. Court Reporter Contact Information: Rosemary Scarpelli, (312)435-5815, Rosemary_Scarpelli@ilnd.uscourts.gov. <br><br> IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. <br><br> Redaction Request due 3/6/2013. Redacted Transcript Deadline set for 3/18/2013. Release of Transcript Restriction set for 5/14/2013. (Scarpelli, Rosemary) (Entered: 02/13/2013) |
| 02/13/2013 | 151 | Letter to Judge Shadur by Philos Technologies, Inc. *re: Defendants' Motion for Sanctions* (Vickers, Thomas) (Entered: 02/13/2013) |
| | | |

| 02/18/2013 | 153 | ATTORNEY Appearance for Plaintiff Philos Technologies, Inc. by Adam B Goodman (Goodman, Adam) (Incorrect pdf document linked - Docket Text Modified by Clerk's Office.)(lp, ). (Entered: 02/18/2013) |
|---|---|---|
| 02/18/2013 | 154 | ATTORNEY Appearance for Plaintiff Philos Technologies, Inc. by Adam B Goodman *(corrected)* (Goodman, Adam) (Entered: 02/18/2013) |
| 02/18/2013 | 155 | ATTORNEY Appearance for Plaintiff Philos Technologies, Inc. by Gabriel P. Hardy (Hardy, Gabriel) (Entered: 02/18/2013) |
| 02/18/2013 | 156 | MOTION by Plaintiff Philos Technologies, Inc. to stay *ruling on sanctions motion*, MOTION by Plaintiff Philos Technologies, Inc. for leave to file *additional brief* (Hardy, Gabriel) (Entered: 02/18/2013) |
| 02/18/2013 | 157 | NOTICE of Motion by Gabriel P. Hardy for presentment of motion to stay, motion for leave to file 156 before Honorable Milton I. Shadur on 2/21/2013 at 09:15 AM. (Hardy, Gabriel) (Entered: 02/18/2013) |
| 02/21/2013 | 158 | MINUTE entry before Honorable Milton I. Shadur: Motion hearing held on 2/21/2013. Plaintiff's motion for temporary stay of ruling on sanctions motion 156 is denied for reasons stated in open court. Plaintiff's motion for leave to file additional brief is denied without prejudice. Mailed notice by judge's staff. (srb,) (Entered: 02/25/2013) |
| 02/28/2013 | 159 | TRANSMITTED to the USCA for the 7th Circuit supplemental record on appeal 119 , 45 (USCA no. 10-02854, 12-03446) consisting of two transcripts. (nf, ) (Entered: 02/28/2013) |
| 03/04/2013 | 160 | TRANSCRIPT OF PROCEEDINGS held on 02/12/2013 before the Honorable Milton I. Shadur. Court Reporter Contact Information: Rosemary Scarpelli, (312)435-5815, Rosemary_Scarpelli@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 3/25/2013. Redacted Transcript Deadline set for 4/4/2013. Release of Transcript Restriction set for 6/3/2013. (Scarpelli, Rosemary) (Entered: 03/04/2013) |
| 03/04/2013 | 161 | TRANSCRIPT OF PROCEEDINGS held on 02/21/2013 before the Honorable Milton I. Shadur. Court Reporter Contact Information: Rosemary Scarpelli, (312)435-5815, Rosemary_Scarpelli@ilnd.uscourts.gov. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before |

| | | |
|---|---|---|
| | | the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 3/25/2013. Redacted Transcript Deadline set for 4/4/2013. Release of Transcript Restriction set for 6/3/2013. (Scarpelli, Rosemary) (Entered: 03/04/2013) |
| 03/18/2013 | 163 | TRANSMITTED to the USCA for the 7th Circuit supplemental record on appeal 119 , 45 (USCA no. 10-2854,12-3446) consisting of two transcripts. (nf, ) (Entered: 03/18/2013) |
| 03/25/2013 | 164 | MOTION by counsel for Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. to withdraw as attorney (Johnstone, Andrew) (Entered: 03/25/2013) |
| 03/25/2013 | 165 | NOTICE of Motion by Andrew M. Johnstone for presentment of motion to withdraw as attorney 164 before Honorable Milton I. Shadur on 3/28/2013 at 09:15 AM. (Johnstone, Andrew) (Entered: 03/25/2013) |
| 03/27/2013 | 166 | MINUTE entry before Honorable Milton I. Shadur: Defendants motion for leave for counsel to withdraw 164 is granted. Andrew M. Johnston from Winston & Strawn LLP is withdrawn as counsel for defendants. No appearance necessary on 3/28/2013. Mailed notice (nf, ) (Entered: 04/01/2013) |
| 04/12/2013 | 167 | MOTION by counsel for Plaintiff Philos Technologies, Inc. to withdraw as attorney (Vickers, Thomas) (Entered: 04/12/2013) |
| 04/12/2013 | 168 | NOTICE of Motion by Thomas A. Vickers for presentment of motion to withdraw as attorney 167 before Honorable Milton I. Shadur on 4/17/2013 at 09:15 AM. (Vickers, Thomas) (Entered: 04/12/2013) |
| 04/15/2013 | 169 | MINUTE entry before Honorable Milton I. Shadur: Plaintiff's motion for leave for counsel to withdraw 167 is granted. Dong-Keun Kim is granted leave to withdraw as counsel for plaintiff and is removed from the service list. No appearance necessary on 4/17/2013. Mailed notice by judge's staff. (srb,) (Entered: 04/16/2013) |
| 05/08/2013 | 170 | MINUTE entry before Honorable Milton I. Shadur: Enter Memorandum Opinion and Order. Philos & D's motion for sanctions 127 is granted in part and denied in part. A status hearing is set for May 14, 2013 at 8:45 a.m. Mailed notice by judge's staff. (srb,) (Entered: 05/09/2013) |
| 05/08/2013 | 171 | MEMORANDUM Opinion and Order Signed by the Honorable Milton I. Shadur on 5/8/2013. Mailed notice by judge's staff. (srb,) (Entered: 05/09/2013) |
| 05/14/2013 | 172 | MINUTE entry before Honorable Milton I. Shadur: Status hearing held on 5/14/2013 and continued to 6/7/2013 at 8:45 a.m. Mailed notice by |

| | | judge's staff. (srb,) (Entered: 05/14/2013) |
|---|---|---|
| 06/07/2013 | 173 | MINUTE entry before Honorable Milton I. Shadur: Status hearing held on 6/7/2013 and continued to 7/12/2013 at 8:45 a.m. Mailed notice by judge's staff. (srb,) (Entered: 06/07/2013) |
| 07/12/2013 | 174 | MINUTE entry before Honorable Milton I. Shadur: Status hearing held on 7/12/2013. Mailed notice by judge's staff. (srb,) (Entered: 07/12/2013) |
| 09/20/2013 | 175 | MINUTE entry before Honorable Milton I. Shadur: Enter Memorandum Order. A status hearing is set for 9/27/2013 at 9:15 A.M. Mailed notice by judge's staff. (srb,) (Entered: 09/22/2013) |
| 09/20/2013 | 176 | MEMORANDUM Order Signed by the Honorable Milton I. Shadur on 9/20/2013. Mailed notice by judge's staff. (srb,) (Entered: 09/22/2013) |
| 09/27/2013 | 177 | MINUTE entry before Honorable Milton I. Shadur: Status hearing held on 9/27/2013. Mailed notice by judge's staff. (srb,) (Entered: 09/27/2013) |
| 11/15/2013 | 178 | MINUTE entry before Honorable Milton I. Shadur: On the parties' oral motion, status hearing set for 11/18/2013 at 9:15 A.M. Mailed and telephoned notice by judge's staff. (srb,) (Entered: 11/18/2013) |
| 11/18/2013 | 179 | MINUTE entry before Honorable Milton I. Shadur: Status hearing held on 11/18/2013. Draft order of the parties' proposed motion schedule to follow. Mailed notice by judge's staff. (srb,) (Entered: 11/18/2013) |
| 11/27/2013 | 180 | SUBMISSION Quantifying Defendants' Recoverable Fees and Costs by Don-Hee Park, Jaehee Park, Philos & D Inc. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C Part 1, # 5 Exhibit C Part 2, # 6 Exhibit D, # 7 Exhibit E Part 1, # 8 Exhibit E Part 2, # 9 Exhibit E Part 3, # 10 Exhibit E Part 4, # 11 Exhibit F, # 12 Exhibit G, # 13 Exhibit H)(Moss, John) (Entered: 11/27/2013) |
| 12/04/2013 | 181 | MINUTE entry before the Honorable Milton I. Shadur: By agreement of the parties, defendants shall file their motion for fees and costs by 11/27/2013. Plaintiff shall file response to the motion on or before 12/18/2014 and defendants shall file their reply on or before 1/3/2014. Enter Agreed briefing schedule. Mailed notice by judge's staff. (srb,) (Entered: 12/04/2013) |
| 12/05/2013 | 182 | AGREED BRIEFING SCHEDULE Signed by the Honorable Milton I. Shadur on 12/5/2013. (ao,) (Entered: 12/06/2013) |
| 12/13/2013 | 183 | DECLARATION of John W. Moss regarding other, 180 *(Supplemental)* (Attachments: # 1 Exhibit A)(Moss, John) (Entered: 12/13/2013) |
| 12/18/2013 | 184 | OBJECTIONS by Philos Technologies, Inc. to other, 180 *Petition for Fees and Costs* (Attachments: # 1 Exhibit 1 to 4, # 2 Exhibit 5) (Goodman, Adam) (Entered: 12/18/2013) |
| | | |

| | | |
|---|---|---|
| 01/02/2014 | 185 | MOTION by Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. for extension of time to file response/reply as to other, 180 *(UNOPPOSED)* (Moss, John) (Entered: 01/02/2014) |
| 01/02/2014 | 186 | NOTICE of Motion by John W. Moss for presentment of motion for extension of time to file response/reply, motion for relief 185 before Honorable Milton I. Shadur on 1/7/2014 at 09:15 AM. (Moss, John) (Entered: 01/02/2014) |
| 01/09/2014 | 187 | TRANSCRIPT OF PROCEEDINGS held on 11/18/2013 before the Honorable Milton I. Shadur. Court Reporter Contact Information: Rosemary Scarpelli, (312)435-5815, Rosemary_Scarpelli@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 1/30/2014. Redacted Transcript Deadline set for 2/10/2014. Release of Transcript Restriction set for 4/9/2014. (Scarpelli, Rosemary) (Entered: 01/09/2014) |
| 01/13/2014 | 188 | MINUTE entry before the Honorable Milton I. Shadur: Defendants' unopposed motion for extension of time to file reply brief in support of submission quantifying recoverable fees and costs 185 is granted to and including 1/17/2014. No appearance necessary. Mailed and telephoned notice by judge's staff. (srb,) (Entered: 01/13/2014) |
| 01/17/2014 | 189 | REPLY by Defendants Don-Hee Park, Jaehee Park, Philos & D Inc. to other, 180 *in Support of Submission Quantifying Defendants' Recoverable Fees and Costs* (Attachments: # 1 Exhibit A)(Moss, John) (Entered: 01/17/2014) |
| 01/17/2014 | 190 | DECLARATION of Allan Horwich regarding reply 189 *Submission Quantifying Defendants' Recoverable Fees and Costs* (Moss, John) (Entered: 01/17/2014) |
| 01/17/2014 | 191 | DECLARATION of John Moss regarding reply 189 *Submission Quantifying Recoverable Fees and Costs* (Moss, John) (Entered: 01/17/2014) |
| 03/17/2014 | 192 | MINUTE entry before the Honorable Milton I. Shadur: Enter Memorandum Opinion and Order. To facilitate this Court's ability to complete the overall calculation of an appropriate sanctions award, Philos & D counsel are ordered to provide the revised version of the delay-factor calculation on or before March 25, 2014. Philos Tech's counsel may wish to provide input as to the accuracy of that revised calculation (but not as to the underlying concept), and if so they are |

| | | |
|---|---|---|
| | | allowed until April 2, 2014 for that purpose. Mailed notice by judge's staff. (srb,) (Entered: 03/17/2014) |
| 03/17/2014 | 193 | MEMORANDUM Opinion and Order Signed by the Honorable Milton I. Shadur on 3/17/2014. Mailed notice by judge's staff. (srb,) (Entered: 03/17/2014) |
| 03/25/2014 | 194 | Defendants' REVISED Delay Factor Calculation Made Pursuant to the Court's March 17, 2014 Order by Don-Hee Park, Jaehee Park, Philos & D Inc. (Attachments: # 1 Exhibit 1)(Moss, John) (Entered: 03/25/2014) |
| 03/25/2014 | 195 | DECLARATION of Miguel A. Martinez regarding other 194 (Moss, John) (Entered: 03/25/2014) |
| 04/08/2014 | 196 | MINUTE entry before the Honorable Milton I. Shadur: Enter Memorandum Opinion and Order. Accordingly, this chapter ends with an assessment of fees and expenses properly awarded to Philos & D, Don-Hee Park and Jaehee Park (collectively "Philos & D") as a sanction imposed against plaintiff Philos Technologies, Inc. Judgment is ordered entered in favor of "Philos & D" and against Philos Technologies in the sum of $729,832.72. Mailed notice by judge's staff. (srb,) (Entered: 04/08/2014) |
| 04/08/2014 | 197 | MEMORANDUM Opinion and Order Signed by the Honorable Milton I. Shadur on 4/8/2014. Mailed notice by judge's staff. (srb,) (Entered: 04/08/2014) |
| 04/08/2014 | 198 | ENTERED JUDGMENT Signed by the Clerk on 4/8/2014. Mailed notice by judge's staff. (srb,) (Entered: 04/08/2014) |
| 04/29/2014 | 199 | STIPULATION *Regarding Defendants' "Fees on Fees" (Joint)* (Moss, John) (Entered: 04/29/2014) |
| 04/30/2014 | 200 | MINUTE entry before the Honorable Milton I. Shadur: Enter Memorandum Order. Accordingly, this Court orders that a final judgment in defendants' favor and against plaintiff be entered in the aggregate sum of $778,489.72, with each side reserving its appellate rights in that respect. Mailed notice by judge's staff. (srb,) (Entered: 05/01/2014) |
| 04/30/2014 | 201 | MEMORANDUM Order Signed by the Honorable Milton I. Shadur on 4/30/2014. Mailed notice by judge's staff. (srb,) (Entered: 05/01/2014) |
| 05/05/2014 | 202 | MOTION by Plaintiff Philos Technologies, Inc.To Set Supersedeas Bond *(AGREED)* (Goodman, Adam) (Entered: 05/05/2014) |
| 05/05/2014 | 203 | NOTICE of Motion by Adam B Goodman for presentment of motion for miscellaneous relief 202 before Honorable Milton I. Shadur on 5/8/2014 at 09:15 AM. (Goodman, Adam) (Entered: 05/05/2014) |
| 05/06/2014 | 204 | PAYMENT by Philos Technologies, Inc. of Filing fee $ 505, receipt number 0752-9456718. (Goodman, Adam) (Entered: 05/06/2014) |
| 05/06/2014 | 205 | NOTICE of appeal by Philos Technologies, Inc. regarding orders 198 , |

| | | |
|---|---|---|
| | | 171 , 201 , 196 , 200 , 197 (Goodman, Adam) (Entered: 05/06/2014) |
| 05/07/2014 | 206 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 205 . (smm) (Entered: 05/07/2014) |